[No. 18080.  *En Banc.*  October 4, 1923.]

THE STATE OF WASHINGTON, *on the Relation of J. W. Range et al., Plaintiff,* v. J. GRANT HINKLE, *as Secretary of State, Defendant.*[1]

CORPORATIONS (1)—ASSOCIATIONS—COMMON LAW TRUST—RIGHT TO DO BUSINESS IN STATE—CONSTITUTIONAL PROVISIONS.  Under Const., Art. 12, § 5, providing that the term corporation shall be construed to include all associations and joint stock companies having any of the powers and privileges of corporations not possessed by individuals or partnerships, and Art. 1, § 29, making its provisions mandatory unless expressly declared otherwise, a so-called common law trust, which has not complied with the laws relating to corporations, has no rights or status in this state, where by its declaration of trust it provided that its trustees shall not be personally liable for their own acts, that its certificate holders shall not be liable for the acts of the trustees, that its property shall be free from the rules of tenancy in common, that it is not dissolved by the death of a holder or trustee, and that the association has power to make by-laws, to have a common seal, to sue and be sued, and to hold lands with perpetual succession.

Application filed in the supreme court June 12, 1923, for a writ of mandamus to compel the secretary of

[1]Reported in 219 Pac. 41.

state to file an application for a permit to sell securities in the state. Denied.

*Pierce Lonergan,* for relators.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondent.

*Ferris & Ferris* and *Ralph Robinson, amici curiae.*

PEMBERTON, J.—Plaintiffs, as trustees of the Securities Sales Syndicate, endeavored to file an application with defendant, the secretary of state, for a permit to sell its securities, certificates of stock or beneficial interests, under Laws of 1923, p. 207, ch. 69, entitled:

"An act providing for the regulation and supervision of the issuance and sale of certain securities, as the same are herein defined, to prevent fraud in the sale thereof, and providing penalties, and making an appropriation." [See Rem. 1923 Sup., § 5853-1 *et seq.*]

The defendant refused to file the application, and this action is instituted to secure a writ of mandate requiring defendant to receive and file the same.

Plaintiffs claim that the Securities Sales Syndicate is neither a copartnership nor a corporation, but what is known as a common law business trust, and that the secretary of state should issue to it a permit to issue and dispose of its securities under § 6 of ch. 69, *supra,* and contend that their declaration of trust is a copy of the declaration of trust of the Massachusetts Realty Company, which was held to be a trust and not a corporation by the supreme court of the United States in the case of *Crocker v. Malley,* 249 U. S. 223, 63 L. Ed. 273, 2 A. L. R. 1601, and that the essence of the trust is that the trustees shall hold the property in fee simple, with absolute power of management, control and disposition during the life of the trust, and shall distribute the property to the beneficiaries identified

by the certificates of shares in proportion to their holdings at the time of the dissolution of the trust. The case of *Crocker v. Malley, supra,* arose over the question as to whether or not a common law trust was exempt from paying an income tax under the laws of the United States, the law exempting trusts from the payment of the tax. The court held that the business trust did not come under the provision of the statute fixing an income tax on "every corporation, joint-stock company or association . . . organized in the United States, no matter how created."

It is the contention of defendant that the laws of this state prohibit the operation of a common law trust, and that the plaintiffs are proposing to do a trust company business without complying with the law applicable to trust companies.

Section 5, of art. 12, of the state constitution, relating to corporations other than municipal, provides:

"The term 'corporation' as used in this article, shall be construed to include all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or partnerships, and all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons."

The question then arises whether or not this common law trust is an "association having powers and privileges of corporations not possessed by individuals and partnerships." The declaration of trust of the Securities Sales Syndicate consists of six typewritten pages of single space, and we will refer to some of the provisions showing the similarity of this association to that of corporations in general, without setting forth the entire declaration. The declaration of trust provides that the trustees shall not be personally liable for their acts, and that a certificate holder shall

not be liable for the acts of the other certificate holders or of the trustees. This is a privilege not enjoyed by individuals or partnerships. The joint property is held during the existence of the trust agreement free from the rules of tenancy in common, and the organization is not dissolved by the death of a certificate holder or trustee. Individuals do not possess this privilege and power. The interest of the *cestui que trustent* is represented by a negotiable certificate assignable without the consent of the other share holders. This privilege is not enjoyed by a copartnership. This organization acts through the majority of its trustees, while each member of a copartnership participates in its management. The association has the power as an association to make by-laws, to have a common seal, to sue and be sued and to receive and to grant, to purchase and hold lands and chattels in the names of the trustees, with perpetual succession. These powers are in their nature corporate powers and not enjoyed by partnerships. The declaration of trust provides that the trust shall exist during the life of its present trustees and for twenty-one years thereafter and cannot be terminated by the certificate holders.

Under constitutional provisions similar to § 5, art. 12, *supra,* it is almost uniformly held that joint stock companies and limited partnerships organized under statutory authority are in fact corporations. *Keystone Bank v. Donnelly,* 196 Fed. 832; *Liverpool Ins. Co. v. Massachusetts,* 10 Wall (77 U. S.) 566.

It was held in the case of *Maltz v. American Express Co.,* Fed. Cas. No. 9,002:

"Partnerships have none of these attributes. Indeed, except in the want of common seal, these associations are corporations without the name. The definition of a corporation is quite broad enough to include associations of this character. . . ."

"The constitution of the state (article 8, § 3) provides that the term corporations, as used in this article, shall 'be construed to include all associations and joint stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships. And all corporations shall have a right to sue, and shall be subject to be sued, in all courts, in like cases as natural persons.'

"In the last analysis, the only absolutely essential attribute of a corporation is the capacity to exist and act within the powers granted, as a legal entity, apart from the individual or individuals who constitute its members."

See, also, 14 C. J. 51, § 3.

In the case of *Malley v. Howard*, 281 Fed. 363, holding a common law trust subject to tax, the court said:

"The Haymarket Trust, both in genesis and organization, is even more like a corporation. It has none of the aspects of a family affair. . . . The declaration of trust provides for nearly all the machinery and proceedings of an ordinary corporation. We hold it also to be quasi corporate and an association within the meaning of the Revenue Acts.

"It is a matter of common knowledge that, for most business and financial purposes, all the larger organizations of this sort have for years been indistinguishable from corporations. One might almost say that they are a device under which parties make their own corporation code.

". . . the powers of these voluntary associations are in many respects greater, and the regulations and restrictions less, than in the case of corporations. Broadly speaking, their promoters select and define such powers, and provide such limitations of liability, as they desire. . . .

"Modern corporation laws furnish adequate machinery for carrying on every legitimate form of business, . . . There is no present reason for resorting to this form of organization, except on the theory that more 'privileges of doing business' may be thus

acquired than by conforming to our broad and elastic corporation laws.''

In the case of *Home Lumber Co. v. Hopkins,* 107 Kan. 153, 190 Pac. 601, 10 A. L. R. 879, in denying the right to sell securities, the court held:

''It does not follow, however, that the plaintiff as organized is entitled to a permit to sell its stock and securities even if it is found to be solvent, its assets substantial and sufficient, and its plan of business such as would be fair and equitable towards investors. To meet the requirements of our law the company must bring itself within the rules applicable to corporations and conform to the regulations imposed by statute on corporations. The Constitution expressly provides that: 'The term corporations, as used in this article, shall include all associations and joint stock companies having powers and privileges not possessed by individuals or partnerships; and all corporations may sue and be sued in their corporate names.' Const., art. 12, § 6.''

Counsel for plaintiffs call attention to the case of *State v. Cosgrove,* 36 Idaho 278, 210 Pac. 393, and *Spotswood v. Morris,* 12 Idaho 360, 85 Pac. 1094, wherein the constitutional provision of Idaho, similar to § 5, art. 12, of our constitution, was held to not prohibit common law trust associations doing business within the state of Idaho.

Article 1, § 29, of our constitution, provides that ''the provisions of this constitution are mandatory, unless by express words they are declared to be otherwise.'' Under the mandatory provisions of the constitution, the so-called common law trust is prohibited from doing business within this state. Our corporation laws are sufficiently broad to include every desired form of organization, and there is no reason for resorting to this form of organization except for the purpose of avoiding the payment of the fees, assessments and

taxes imposed upon corporations in general and to avoid their statutory regulations. It would seem that the framers of our constitution anticipated such tendency and wisely provided that the term "corporations" should include "all associations and join stock companies having any powers or privileges of corporations not possessed by individuals or partnerships," and thereby prevented the formation of the self-organized associations of every kind for the purpose of transacting business without meeting the obligations and complying with the statutory regulations of corporations. The plaintiffs have no legal status in this state and are without legal standing in this court.

The prayer of the petition is denied and the action dismissed.

MAIN, C. J., HOLCOMB, PARKER, BRIDGES, FULLERTON, TOLMAN, and MITCHELL, JJ., concur.