[No. 19118.  Department One.  March 16, 1925.]

D. T. DENNY *et al., Respondents,* v. CASCADE PLATINUM
COMPANY, *Appellant.*[1]

PARTIES (4)—TRUSTS (37)—RIGHT AND CAPACITY OF TRUSTEE TO
SUE.  The directors and trustees of an association may maintain an
action for and on behalf of all persons interested therein, notwith-
standing the association constitutes a common law trust for the
purpose of doing business and has no legal standing as an entity
under the laws of the state.

TRUSTS (29, 31)—SALES AND CONVEYANCES—POWERS OF TRUSTEES—
EVIDENCE—SUFFICIENCY.  A deed by trustees of an association, exe-
cuted after they had ceased to be such, is ineffectual to convey any
interest or title of the association.

APPEAL (386)— REVIEW — PARTIES ENTITLED TO ALLEGE ERROR —
WAIVER.  Objection that the authority of trustees of an association
should have been shown by the record and not by oral testimony
will not be considered on appeal, where it appears that all the
doings of the respective parties and the association were proven by
oral testimony introduced on behalf of the respective parties.

Appeal from a judgment of the superior court for
Kittitas county, Smith, J., entered July 2, 1924, in
favor of the plaintiffs, in an action to quiet title, tried
to the court.  Affirmed.

*Walter D. Peters, John T. Casey,* and *Phillip Tworo-
ger,* for appellant.

*Frank A. Steele,* for respondents.

PARKER, J.—The plaintiffs, Denny and four others,
as trustees of a voluntary unincorporated association
known as "Seven In One," commenced this action in
the superior court for Kittitas county in behalf of
themselves and all other members of the association
owning interests in its property, seeking a decree quiet-
ing their title in and to eleven described mining claims
in that county as against the claim of title thereto

[1]Reported in 232 Pac. 409.

made by the defendant, Cascade Platinum Company, a corporation. A trial upon the merits resulted in a decree in favor of the plaintiffs as trustees as prayed for, from which the defendant has appealed to this court.

There is but little dispute relative to what we regard as the controlling facts in the case. They may be summarized as follows: Early in the year 1923, the plaintiff, E. R. Peterson, made a declaration of trust, seemingly with a view of creating a common law trust under the name "Acme Limited Company," with a view of holding mining properties in trust for himself and such other persons as might become interested therein with him. A. L. Jackson was then in Peterson's employ for the purpose of locating mining claims. In pursuance of that employment, in May and June, 1923, Jackson located in Kittitas county for Peterson the eleven mining claims here in question, duly posting notices of such locations and causing the same to be placed of record in the office of the auditor of Kittitas county; each of such notices stating that Jackson made the location as "agent for the Acme Limited Co."

On October 8, 1923, K. F. Berg and T. E. Hotchkiss, employees of Peterson, at his instance and for him, executed a declaration of trust looking to the forming of an unincorporated association to be known as "Seven In One," to do business as a common law trust. Berg and Hotchkiss were therein designated as temporary trustees, and also as president and secretary, respectively. It was provided therein that the affairs of the association should be managed by a board of five trustees, each of whom should be the owner of one unit of value in the trust property which might be acquired. Berg and Hotchkiss were named as temporary trustees to act until the five provided for in the declaration of trust should be chosen by the owners of the units of

value in the trust property. Provision was made for the evidencing of ownership of units of value in the trust property by the issuance of certificates.

On October 12, 1923, Peterson was the owner of all property held in the name of the Acme Limited Company. On that day he executed a conveyance in the name of Acme Limited Company to Seven In One for the mining claims in question. On the same day Berg, apparently having some interest in the unit values of Seven In One, conveyed all of such interest to Peterson. This resulted in Peterson then becoming the owner of all property held in the name of Seven In One. Upon so acquiring all such property interests, and Berg having ceased to have any interest therein, thereby becoming unqualified as a trustee according to the terms of the trust declaration, Peterson assumed the presidency and management of Seven In One. He then discharged Hotchkiss as secretary and caused himself and the four other plaintiffs in this action to be elected as trustees of the property, and also caused the election of a new secretary in the place of Hotchkiss. It does not appear that Hotchkiss ever was the owner of any of the unit values in Seven In One, or that he ever had any property interest in any of the trust property. Soon thereafter Hotchkiss, with some associates, organized the Cascade Platinum Company as a corporation under the laws of this state. The purpose of this organization on the part of its promoters seems to have been to take over the mining claims from the Seven In One trust. Peterson and his then associate trustees, the plaintiffs in this action, did not consent to or have any part in the organization of the platinum company. If any of the organizers of the platinum company then had any property rights whatever in the Seven In One trust, such property rights did not exceed, in any event, one per cent of the whole

of the property of that trust; Peterson and his associates then owning at least practically all of such property rights.

Thereafter on January 3, 1924, Berg and Hotchkiss, assuming to act as president, secretary and trustees of the Seven In One trust, executed a deed purporting to convey the mining claims here in question to the Cascade Platinum Company, this defendant; and thereafter on February 26, 1923, A. L. Jackson conveyed by quitclaim deed all interest he may have had in the mining claims to Cascade Platinum Company. The trial court decreed the title to the eleven mining claims in question to be quieted in the plaintiffs, "to hold and possess for and on behalf of themselves and all other persons similarly situated for and on whose behalf this action was brought, and as trustees for all persons and parties having an equitable and lawful interest and right in said claims." Peterson and his associates have at all times been in the exclusive physical possession and control of the claims, Berg and Hotchkiss having no possession or control thereof at any time since they ceased to be trustees.

It is somewhat difficult to follow counsel for the defendant platinum company in their argument as presented in their brief. It is, however, first contended, and this seems to be one of their principal arguments, that the plaintiffs have no capacity to sue. This contention seems to be rested upon the theory that the so-called Seven In One trust is, in legal effect, a common law trust for the purpose of doing business and, as such, has no legal standing as an entity under the laws of this state, as held by us in *State ex rel. Range v. Hinkle,* 126 Wash. 581, 219 Pac. 41. It seems to us that that decision is in no sense controlling of the claim of right here sought to be protected by these plaintiffs as trustees of the property held in the name

of Seven In One. It may be conceded that that trust has no standing in law as a legal, suable entity. That, however, does not mean that the trustees of the property that happens to be held in that name may not seek in the courts protection of the property rights of the beneficiaries of that trust. That is all these plaintiffs as such trustees are seeking to do and all that was awarded by the decree rendered in this case. This is quite apart from the so-called Seven In One functioning as a legal entity. This view of the law was recognized in substance in our decision in *Lowman v. Guie,* 130 Wash. 606, 228 Pac. 845; though in that case it was unnecessary for us to consider the existence of the trust there in question as a legal entity apart from its trustees.

Other contentions seem to be rested principally upon the theory that Berg and Hotchkiss, at the time of the execution of the conveyance by them as president, secretary and trustees of the Seven In One trust, on January 3, 1924, were then, in fact and law, the trustees of that trust with power to make that conveyance. We think what we have already noticed touching the facts of the case renders it plain that they were not then either president, secretary or trustees of that trust. This of itself seems sufficient to demonstrate that the deed then executed by them to the Cascade Platinum Company did not convey any title whatever. As to the quitclaim conveyance made by Jackson to the Cascade Platinum Company, it is sufficient to observe that Jackson never did have any title or interest in any of the eleven mining claims in question.

Some further contentions are made against the admission of oral testimony which for the most part was relied upon as showing what, it is argued, should have been shown by record in the form of minutes of the trustees of Seven In One and the corporate minutes

of the Cascade Platinum Company. Whatever error may have been committed in the admission of oral testimony of facts ordinarily proveable by written evidence, we think neither of the respective parties to this controversy has any ground for complaint here. The fact is that, while the doings of Peterson and his associates were proven by oral testimony introduced in their behalf, the doings of Berg and Hotchkiss as trustees, after ceasing to be such, incident to the making of the conveyance by them to the Cascade Platinum Company, and the doings of the trustees of that company incident to the receiving of such conveyance and fixing the consideration therefor, were all also proven by oral testimony introduced in behalf of the defendant. We do not feel called upon to view the question of the admission of any of this testimony in a technical light with a view of determining the question of its admissibility. Looking through the chaff of this somewhat involved story, we can plainly see that Peterson and his four associate plaintiffs in this action had become the lawful trustees of the trust property, to-wit, these mining claims held in the name Seven In One, and that Berg and Hotchkiss had ceased to be such trustees and ceased to have any power as such to convey the property or otherwise deal therewith, long before they executed their purported conveyance in the name of Seven In One to Cascade Platinum Company on January 3, 1924. We do not think that the controversy calls for further discussion.

The decree is affirmed.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.