[No. 19696.   Department Two.   February 11, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Ewing D. Colvin, Prosecuting Attorney for King County, Respondent,* v. RENE E. PAINE *et al., Appellants.*[1]

[1] CORPORATIONS (1)—ASSOCIATIONS—COMMON LAW TRUST—RIGHT TO DO BUSINESS IN STATE—CONSTITUTIONAL PROVISIONS.  Under Const., Art. 12, § 5, providing that the term corporation shall be construed to include all associations and joint stock companies having any of the powers and privileges of corporations not possessed by individuals or partnerships, and Art. 1, § 29, making its provisions mandatory unless expressly declared otherwise, a so-called common law trust, which has not complied with the laws relating to corporations, has no rights or status in this state, where by its declaration of trust it provided that its trustees shall not be personally liable for their own acts, to any one but a registered shareholder, that its certificate holders shall not be liable for any assessments, that its property shall be vested in the trustees and their successors, that it is not dissolved by the death of a holder or trustee, and that the shareholders have power to make by-laws, and elect officers and that creditors must look solely to the property.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered September 12, 1925, upon findings in favor of the plaintiff, after a trial to the court in an action in the nature of *quo warranto.* Affirmed.

[1]Reported in 243 Pac. 2.

*Charles E. Shepard,* for appellants.

*Ewing D. Colvin, Arthur Schramm, Jr.,* and *Stanley Kent,* for respondent.

MACKINTOSH, J.—This is an action in *quo warranto* to exclude the appellants from exercising corporate rights within this state without having complied with the state law relating to corporations. The information alleges that the appellants, as trustees, have been operating in this state as a corporation without being incorporated, in that they have engaged in business in Seattle, under the name of Alaska Building Trust, under a declaration of trust, which is a long and elaborate instrument, the material parts of which are that it was made in April, 1917, and discloses that a widow, Mrs. Evans, conveyed by deed a large office building in Seattle, known as the Alaska Building, to the appellants as trustees, the grantees to hold the property in trust for the benefit of 15,000 fractional beneficial interests, each of which had a par value of $100; the trustees to hold and manage the property as a trust fund for twenty years, unless the trust is earlier terminated; the beneficial interests to be represented by certificates, which can be transferred on the books of the trustees by the owner. The trustees are never to be held responsible to anyone but a registered shareholder, and are to divide the net income among the shareholders at such times as they may determine.

They are to rent offices, appoint officers and agents, fix their compensation, define their duties, and the trustees themselves are to be compensated in a reasonable amount. The trustees shall keep accounts and make an annual statement, and are to have all the powers of managing and disposing of the property as if they were the sole owners, and all the powers delegated to the trustees shall be vested in the surviving

trustee and in any or all trustees lawfully acting. No bond is required, and each trustee shall be answerable only for his own acts, and not one for another, and not for any mere errors of judgment. Any trustee may resign, and if a trustee resigns or dies, the surviving trustee shall fill the vacancy; and if the trustees determine that the number of trustees ought to be increased to three, the third shall be appointed by the two existing trustees. When any trustee is absent from Massachusetts, where the instrument was made, or incapacitated by illness, the other trustee can exercise all powers under the declaration, except the power to sell real estate, and either trustee, by power of attorney, can deliver his powers to the other trustee for not over six months. The shareholders shall have no assessments levied on them, and, at the termination of the trust, the trustees are to sell the property and distribute the net proceeds among the shareholders; and, until that time, the property shall be considered as having been so converted into personal property on the date of the declaration, and the income shall be treated as if produced by the investment of the increase and proceeds in personal property until the property is finally sold.

The shareholders are not to have a legal or other title or interest in the trust property and are not to have the right to call for any partition; and the death of a shareholder, during the continuation of the trust, is not to terminate the trust or entitle the representatives of the deceased shareholder to any other rights than he had in his lifetime. No persons dealing with the trustees shall be obliged to see to the distribution of the proceeds or the faithful discharge of the trust. The trust can be terminated before the expiration of the twenty years, whenever a majority of the shareholders request it. The trustees shall not

bind the shareholders personally, and every creditor or contractor with the trustees shall look solely to the property for payment. The shareholders may have their own government, by-laws and elected officers, and may instruct the trustees in any manner not inconsistent with their powers or with the rights of third parties, and the trust agreement can be altered in any respect, except not to extend the trust period beyond twenty years. This declaration of trust was recorded in King county.

[1] Article XII, § 5, of our constitution, provides:

"The term 'corporations,' as used in this article, shall be construed to include all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or partnerships."

The question is whether what is generally known as a common law or "Massachusetts trust," such as the one under which the appellants are operating, comes within this constitutional definition of corporations; and that depends upon whether the appellants under the trust agreement have any powers or privileges possessed by corporations and not possessed by individuals or partnerships.

We deem it scarcely necessary to enter into an original investigation of this question, for, as we view it, this court has already answered it in favor of the respondent's position. With great learning and diligence, the appellants' counsel has discussed the nice points involved, but this discussion amounts, in its final analysis, to a request that the decision in *State ex rel. Range v. Hinkle,* 126 Wash. 581, 219 Pac. 41, be receded from. There are concededly some points of difference between the trust agreement here and the one under consideration in the *Range* case. But those differences are superficial and cannot result in the establishment of a different rule in the two cases. The following

quotation from the *Range* case is sufficient to be determinative of the issue here, although some of the quoted language is not accurately applicable to the Alaska Building trust agreement:

"The question then arises whether or not this common law trust is an 'association having powers and privileges of corporations not possessed by individuals and partnerships.' The declaration of trust of the Securities Sales Syndicate consists of six typewritten pages of single space, and we will refer to some of the provisions showing the similarity of this association to that of corporations in general, without setting forth the entire declaration. The declaration of trust provides that the trustees shall not be personally liable for their acts, and that a certificate holder shall not be liable for the acts of the other certificate holders or of the trustees. This is a privilege not enjoyed by individuals or partnerships. The joint property is held during the existence of the trust agreement free from the rules of tenancy in common, and the organization is not dissolved by the death of a certificate holder or trustee. Individuals do not possess this privilege and power. The interest of the *cestuis que trustent* is represented by a negotiable certificate assignable without the consent of the other share holders. This privilege is not enjoyed by a copartnership. This organization acts through the majority of its trustees, while each member of a copartnership participates in its management. The association has the power as an association to make by-laws, to have a common seal, to sue and be sued and to receive and to grant, to purchase and hold lands and chattels in the names of the trustees, with perpetual succession. These powers are in their nature corporate powers and not enjoyed by partnerships. The declaration of trust provides that the trust shall exist during the life of its present trustees and for twenty-one years thereafter and cannot be terminated by the certificate holders."

In the *Range* case reference is made to the decision of the supreme court of the United States in *Crocker*

*v. Malley,* 249 U. S. 223, where that court held that a
"Massachusetts trust" was not a corporation. Since
the decision in the *Range* case, however, the supreme
court of the United States, in *Hecht v. Malley,* 265 U.
S. 144, has held that "Massachusetts trusts" whereby
property was conveyed to (and it may be noted here
that those trusts referred to real estate in Boston used
for office and business buildings) and managed in busi-
ness operations by trustees, the shares of the *cestuis que
trustent* being represented by transferable certificates
entitling holders to share ratably in the income and,
upon termination of the trust, in the proceeds of the
property, were corporations; and the prior case of
*Crocker v. Malley, supra,* was, in effect, overruled.

It is not necessary to again refer to the cases which
are reviewed in the *Range* case, but it is proper to make
some reference to decisions which have been made
subsequent thereto.

In *Hamilton v. Young,* 116 Kan. 128, 225 Pac. 1045,
the supreme court of Kansas, having before it a
"Massachusetts trust," held that the trust created a
corporation under the Kansas law to the extent that
it was a legal entity distinct from the persons who com-
posed it. In that opinion, various cases involving the
same question are considered, and the result reached
is the same as that later reached by the supreme court
of Arizona in *Reilly v. Clyne,* 234 Pac. (Ariz.) 35, where
it was held that a "Massachusetts trust" was a
corporation within a constitutional definition similar
to ours.

The supreme court of the United States still later,
and in an opinion filed since the briefs in this case
were written, has reconsidered the question, and in
*Burk-Waggoner Oil Ass'n v. Hopkins,* 46 Sup. Ct. 48,
has again held that a "Massachusetts trust" possessed

powers and privileges of corporations which are not possessed by individuals or partnerships, and follows the rule of the *Range* case.

In view of our prior decision and these subsequent confirming authorities, it must be sufficient to follow that decision and to hold, as did the trial court, that the appellants are exercising corporate rights without compliance with the requirements of our laws. Under those laws the state has said, as is its right, that no one shall exercise corporate powers except those upon whom the state has chosen to confer such powers, and in order to be able to exercise those powers, which were created by virtue of law, an artificial person, that is, a corporation, should be created.

The appellants demurred on the ground that the respondent's action was a violation of § 1, art. XIV, of the Federal Constitution, but make no extended argument on the point; and, without more light than we have been able to focus upon this point, we see nothing that abridges any of the privileges or immunities of any citizen, or deprives any person of property without due process, or denies to anyone the equal protection of the laws.

The judgment is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and PARKER, JJ., concur.

ON REHEARING.

[*En Banc.*  July 7, 1926.]

PER CURIAM.—Upon a rehearing *En Banc*, the court adheres to the Departmental opinion heretofore filed herein. The judgment is therefore affirmed.