Opper, /., dissenting: The two issues before us can not be neatly severed, so that we can separately deal with the reality of the partnership and its resemblance to a corporation. For the first time since Tower, Lusthaus, and Culbertson, this case raises the question whether a family enterprise cast in the form of a limited partnership, just because it truly represents an actual form of doing business, is not in reality more nearly like a corporation than any other business organism. The very aspects upon which petitioners rely to strengthen their claim of a valid partnership and yet to explain the relation to the business of the “limited partners” are in fact and in essence the Morrissey[1] type of corporate characteristics.[2] In Glensder Textile Co., 46 B. T. A. 176, decided before Tower and Lusthms, the Board was not confronted by the juxtaposition of a developed family partnership rule with the similarity of limited family partnerships to corporations, and hence it can not be regarded as controlling this question. It is for that reason, at least, less persuasive than a more recent decision of this Court holding certain family limited partnerships to be taxable as corporations.[3] Giant Auto Parts, Ltd., 13 T. C. 307. Without placing undue reliance on relevant provisions of local law, it can not altogether lack significance that the Constitution of the State of Washington, in the article referring to “corporations,” provides that: “All laws relating to corporations may be altered, amended, or repealed by the legislature at any time, and all corporations doing business in this State may, as to such business, be regulated, limited, or restrained by law,” art. 12, sec. 1; that “the term ‘corporations,’ as used in this article shall be construed to include all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or partnerships * * art. 12, sec. 5; and that the Supreme Court of the State has declared that “Under constitutional provisions similar to Section 5, article 12, supra, it is almost uniformly held that joint-stock companies and limited partnerships organized under statutory authority are m fact corporations." State ex rel. Rarnge v. Hinkle, 126 Wash. 581; 219 Pac. 41, 42. (Emphasis added.) And while nomenclature is not, of course, decisive, it may nevertheless be added that the Washington statutes under which petitioner “company” was formed refer to the capital of the enterprise as “common stock” and “capital stock,” and that in one instance it is provided: “* * * no part 0f the capital stock thereof shall be withdrawn, nor any division of interests be made, so as to reduce such capital stock below the sum stated in the certificate of partnership * * Remington’s Revised Statutes, Washington, vol. 10, secs. 9967, 9972. In fact, if the general partners are thought of as common stockholders, and the special partners as holders of participating preferred stock, the entire arrangement would be identical in all respects with a corporate structure, except for the unlimited liability of the general partners. Since it is similarity and not identity which constitutes the test, Morrissey v. Commissioner,[4] and since it is the interest of the special partners, and not that of the general partners, which raises the real present issue on both alternative contentions, it seems to me inescapable that this arrangement fails, on the one hand, to bear any resemblance to a true and actual partnership of all the participants, see Hill, J., dissenting in John A. Morris, 13 T. C. 1020, but that, on the other, it does resemble and almost duplicates a corporation, and that reality thus requires the tax to be imposed upon it as a corporation and not as a partnership. Leech, Hill, DisNEY, HarroN, and LeMiRE, JJagree with this dissent. “* * * namely, centralized control and management, limited liability, transferability of interests, title to property beld in the name of the business entity, continuity of enterprise, and sustained operation of the business for profit. * * *” (Giant Auto Parts, Ltd., 13 T. C. 307, 315.) “It is true that the ownership of the business was confined to a few members of an intimate family group, that no regular or formal meetings were held, that no minutes were kept, and that no election of oflicers was held after the original execution of the partnership agreement. The petitioner’s failure to observe the formalities in respect to meetings and elections and the fact that it was owned by a small number of persons have no bearing upon its classification as a corporation or partnership. * * *” (Giant Auto Parts, Ltd., supra.) 296 U. s. 344 : “The inclusion of associations with corporations implies resemblance; but it is resemblance and not identity. * * * Thus an association may not have ‘directors’ or ‘officers,’ but the ‘trustees’ may function ‘in much the same manner as the directors in a corporation’ for the purpose of carrying on the enterprise. The regulatory provisions of the trust instrument may take the place of ‘by-laws.’ And * * * it cannot be considered to be essential to the existence of an association that those beneficially interested should hold meetings or elect their representatives. Again * * * the test of an association is not to be found in the mere formal evidence of interests or in a particular method of transfer. ******* “It is no answer to say that these advantages flow from the very nature of trusts [here limited partnerships]. * * * The suggestion ignores the postulate that we are considering those trusts [family partnerships] which have the distinctive feature of being created to enable the participants to carry on a business and divide the gains which accrue from their common undertaking, trusts that thus satisfy the primary conception of association and have the attributes to which we have referred, distinguishing them from [ordinary] partnerships. In such a case, we think that these attributes make the trust sufficiently analogous to corporate organization to justify the conclusion that Congress intended that the income of the enterprise should be taxed in the same manner as that of corporations.” (Emphasis and bracketed language added.)