[No. 36674.   En Banc.   May 2, 1963.]

PACIFIC AMERICAN REALTY TRUST, *Respondent*, v. BERNARD G. LONCTOT, *Administrator of Securities Division, Department of Licenses, Appellant.**

*The Attorney General, Charles I. McClure* and *Philip H. Austin, Assistants,* for appellant.

* Reported in 381 P. (2d) 123.

*Broz, Long & Mikkelborg, Jeremiah M. Long,* and *Richard F. Broz,* for respondent.

*Evans, McLaren, Lane, Powell & Moss* and *Bogle, Bogle & Gates,* amici curiae.

WEAVER, J.—Plaintiff (respondent), Pacific American Realty Trust, is a real estate investment trust organized under the laws of the commonwealth of Massachusetts. This type of trust is frequently termed a business or Massachusetts trust.

July 3, 1962, the director of the Department of Licenses entered an order denying plaintiff the right to offer for sale, or to sell, its securities in the state of Washington,

" . . . for the reason that the applicant's enterprise or method of business includes or would include activities which would be illegal if performed in the State of Washington, and specifically, for the reason that the Massachusetts trust form of business entity cannot lawfully sell or offer for sale securities in the State of Washington under the applicable laws of said state."

After a hearing held pursuant to RCW 21.20.300 the administrator, securities division, Department of Licenses, entered findings of fact and concluded, among other things:

"That the offer for sale and sale of beneficial shares representing units of beneficial interest in said trust is in violation of Article 12, Section 5 of the State Constitution, Chapter 220, Laws of 1959, *notwithstanding.*" (Italics ours.)

The administrator of the securities division based his conclusion upon two prior decisions of this court. *State ex rel. Range v. Hinkle,* 126 Wash. 581, 219 Pac. 41 (1923); *State ex rel. Colvin v. Paine,* 137 Wash. 566, 243 Pac. 2, 46 A.L.R. 165 (1926).

Plaintiff requested judicial review of the department's ruling pursuant to RCW 21.20.440 and RCW 34.04.130. Both parties filed a motion for summary judgment.

After argument, the trial court concluded:

"That the Massachusetts Trust form of business organization is not illegal in this state *where it complies with the laws of this state relating to corporations.*" (Italics ours.)

and

"Neither the Massachusetts Trust form of business organization nor the sale of shares of beneficial interest therein are in violation of Washington Constitution, Article 12, Section 5, *provided said Trust complies with the provisions of RCW 23.90* [Massachusetts Trust Act] *and RCW 21.20* [Securities Act]." (Italics ours.)

Based upon these conclusions, the trial court vacated the order of the securities division and entered judgment remanding the matter to the administrator

" . . . for further proceedings upon plaintiff's Application for Registration, said proceedings to be consistent with the Findings of Fact and Conclusions of Law and this Order."

The state appeals.

No error is assigned to the finding of the trial court that

"On July 11, 1962 plaintiff filed with the Secretary of State for the State of Washington its registration to do business in the State of Washington; plaintiff is presently qualified to do business in the State of Washington pursuant to said registration."

This opinion is limited to a decision of the sole question presented: Can a Massachusetts trust qualify to do business and sell its securities in the state of Washington *if* it complies with RCW 23.90 [Massachusetts Trust Act] and RCW 21.20 [Securities Act]? The record in this case does *not* present two questions: (1) the precise application of various provisions of the Massachusetts Trust Act of 1959 (RCW 23.90) to plaintiff's organization; or (2) the extent to which statutory provisions of corporate law are applicable to such trusts in accordance with the act.

The question presented requires consideration of (1) a statute; (2) an article of the state constitution; and (3) two decisions of this court.[1]

---

[1] This is the format of appellant's brief on appeal. We are not inclined to extend it. See *DeHeer v. Seattle Post-Intelligencer*, 60 Wn. (2d) 122, 126, 372 P. (2d) 193 (1962); *Osborne v. Osborne*, 60 Wn. (2d) 163, 166, 372 P. (2d) 538 (1962).

We are aware, however, of the plethora of uncited authority upon the question arising from like and similar constitutional provisions and

### The Statute

In 1959, the legislature adopted the "Massachusetts Trust Act of 1959." Laws of 1959, chapter 220; RCW 23.90. The trust is defined by statute as

". . . an unincorporated business association created at common law by an instrument under which property is held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferable certificates evidencing beneficial interests in the trust estate, the holders of which certificates are entitled to the same limitation of personal liability extended to stockholders of private corporations." RCW 23.90.020.

The statute permits a Massachusetts trust ". . . as a recognized form of association for the conduct of business within the state of Washington." RCW 23.90.030. The trust is required to file copies of its trust instrument with the Secretary of State, the auditor of the county in which it has its principal place of business, and the auditor of the county in which it owns real property. RCW 23.90.040(1). Any person dealing with the trust is bound by the terms and conditions of the trust instrument. RCW 23.90.040(2).

The heart of the statute is found in RCW 23.90.040(3), (4) and (5) set forth below.[2]

---

the decided cases pertaining thereto from at least 21 states. The constitutional provisions and opinions are collected in Dempcy, Real Estate Investment Trusts in Washington, 37 Wash. L. Rev. 587 (1962). See also, Gose, The Massachusetts Trust Act of 1959, 34 Wash. L. Rev. 305 (1959); and the 209-page annotation in 156 A.L.R. 22 (1945), Massachusetts or Business Trusts, by R. T. Kimbrough.

[2]"(3) Any Massachusetts trust created under this chapter or entering this state pursuant thereto shall pay such taxes and fees as are imposed by the laws, ordinances, and resolutions of the state of Washington and any counties and municipalities thereof on domestic and foreign corporations, respectively, on an identical basis therewith. In computing such taxes and fees, the shares of beneficial interest of such a trust shall have the character for tax purposes of shares of stock in private corporations.

"(4) Any Massachusetts trust shall be subject to such applicable provisions of law, now or hereafter enacted, with respect to domestic and foreign corporations, respectively, as relate to the issuance of securities, filing of required statements or reports, service of process, general grants of power to act, right to sue and be sued, limitation of individual liability of shareholders, rights to acquire, mortgage, sell,

In short, the trust, either created under the statute or entering the state pursuant thereto, must pay the same taxes and fees as domestic and foreign corporations ". . . on an identical basis therewith." The trust is subject to ". . . applicable provisions of law . . . with respect to domestic and foreign corporations, respectively," relating to corporate rights, duties, and powers, including ". . . limitation of individual liability of shareholders . . ." The Secretary of State, Director of Licenses, Tax Commission, and county auditors are authorized to prescribe rules and regulations applicable to the trust ". . . consistent with this chapter."

This is the first legislative recognition and control of Massachusetts trusts in this state.

### The Constitution

■ We are mindful of the fundamental principle that the state constitution is not a grant, but a restriction on the law-making power. The power of the legislature to enact all reasonable laws is unrestrained except where, either expressly or by fair inference, it is prohibited by the state or federal constitutions. *Overlake Homes, Inc. v. Seattle-First Nat. Bank,* 57 Wn. (2d) 881, 884, 360 P. (2d) 570 (1961).

■ We turn to Article 12, § 5 of the state constitution, which provides:

"Term 'Corporation,' Defined—Right to Sue and be Sued. The term corporations, *as used in this article,* shall be construed to include all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or partnerships, and all corporations shall have the right to sue and shall be subject to be sued, in all courts, in like cases as natural persons." (Italics ours.)

---

lease, operate and otherwise to deal in real and personal property, and other applicable rights and duties existing under the common law and statutes of this state in a manner similar to those applicable to domestic and foreign corporations.

"(5) The secretary of state, director of licenses, and the tax commission of the state of Washington, and the several county auditors in which any such Massachusetts trust shall have its principal place of business or own any real property are each authorized and directed to prescribe binding rules and regulations applicable to said Massachusetts trusts consistent with this chapter."

We have italicized the phrase "as used in this article" for we deem it of primary significance. Section 5 is, in truth, nothing more than a definition of the word "corporation" *as used in Article 12.* We do not believe the article is self-executing.

■ If an association (we deem the term sufficiently broad to include a Massachusetts trust) has powers or privileges of corporations not possessed by individuals or partnerships, then, in order to be constitutionally acceptable to do business in this state, the statutes authorizing it must meet all the applicable requirements of Article 12.

■ The association, however, must have a sovereign grant to exercise "powers or privileges of corporations not possessed by individuals or partnerships" for this authority cannot be self-assumed. *Spotswood v. Morris,* 12 Idaho 360, 375, 85 Pac. 1094 (1906); *Michigan Trust Co. v. Herpolsheimer,* 256 Mich. 589, 595, 240 N.W. 6 (1932); *Forest City Mfg. Co. v. International Ladies' Garment Workers' Union,* 233 Mo. App. 935, 944, 111 S.W. (2d) 934 (1938). The franchise, of course, must be by general laws and not by special acts (Art. 12, § 1) and must be within the ambit of Article 12 of the state constitution.

Article 12—"Corporations Other Than Municipal"—contains 22 sections. A corporation, or an association as therein defined, must be formed under general laws and not by special acts (Art. 12, § 1); it shall not issue stock except to bona fide subscribers, or issue bonds except for money or property received or labor done (Art. 12, § 6). If it be a common carrier, utility, or express company, Article 12 impresses further restrictions.

The constitution, we believe, makes it clear that a sovereign grant, or statutory recognition, is required before an association can possess or exercise powers or privileges of a corporation not possessed by individuals or partnerships.

■ Laws of 1959, chapter 220 (RCW 23.90) is a legis-

lative grant to Massachusetts trusts to do business in the state of Washington.[3]

### The Two Washington Decisions

In *State ex rel. Range v. Hinkle,* 126 Wash. 581, 219 Pac. 41 (1923) and *State ex rel. Colvin v. Paine,* 137 Wash. 566, 243 Pac. 2, 46 A.L.R. 165 (1926) foreign common-law business trusts were attempting to do business in Washington without paying corporate fees. Although we have no quarrel with the conclusions of the court that the trusts were not entitled to do business in the state of Washingon *at that time,* for they had not been authorized by statute, we are not in complete agreement with the reasoning employed by the court in support of its conclusions.

For example, in *Range,* the court infers that individuals, by contract, can give themselves powers and privileges of corporations. We believe the fallacy is apparent: only the sovereign state can grant these powers.

In *Colvin,* the court made the same assumption, but qualified it by saying:

" . . . Under those laws the state has said, as is its right, that no one shall exercise corporate powers except those upon whom the state has chosen to confer such powers, *and in order to be able to exercise those powers, which were created by virtue of law, an artificial person, that is, a corporation, should be created.*" (Italics ours.)

The italicized portion of the above quotation is dictum and not necessary to support the court's conclusion.

Reduced to the lowest common denominator, *Range* and *Colvin* stand only for the proposition that in 1923 and 1926 a Massachusetts trust did not have the statutory vehicle to carry it to its purpose; hence, it could not qualify to do business in the state of Washington. This disability has been removed by Laws of 1959, chapter 220.

---

[3]See Supp. to General Statutes of Kansas Anno. (1961) §§ 17-2027 to 17-2038; Kans. Laws of 1961, Ch. 127 (Kansas Business Trust Act of 1961); Noted 10 Kans. L. Rev. 148.

## Conclusion

We find nothing in the constitution that prohibits the legislature from authorizing the existence of a Massachusetts trust, or permitting it to do business in this state. Legislative authorization is limited, however, by the requirements of Article 12 of the constitution.

In the posture this case is presented to us, we do not find that Laws of 1959, chapter 220 is unconstitutional.

The judgment is affirmed.

OTT, C. J., HILL, DONWORTH, FINLEY, ROSELLINI, HUNTER, and HAMILTON, JJ., concur.

