87 N.J. Super. 201 (1965)
208 A.2d 651
DANIEL CAHILL AND OLLIE CAHILL, HIS WIFE, AND JOSEPH STYPA AND BETTY LOU STYPA, HIS WIFE, AND ELIAS HOFFMAN AND JOLA HOFFMAN, HIS WIFE, PLAINTIFFS,
v.
LEWIS E. HECKEL, DEFENDANT.
LEWIS E. HECKEL AND GERTRUDE M. HECKEL, HIS WIFE, PLAINTIFFS,
v.
CHESTER A. JOHNSON AS BUILDING INSPECTOR OF THE BOROUGH OF MOUNTAINSIDE, UNION COUNTY, ET AL AND DANIEL CAHILL AND OLLIE CAHILL, HIS WIFE, AND JOSEPH STYPA AND BETTY LOU STYPA, HIS WIFE, AND ELIAS HOFFMAN AND JOLA HOFFMAN, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 26, 1965.
*202 Mr. A. Albert Eichler, attorney for Daniel and Ollie Cahill, Betty Lou and Joseph Stypa, and Jola and Elias Hoffman (Mr. David M. Hoffman, appearing).
Mr. Harry Silverstein and Mr. Samuel A. Bloom, attorneys for Lewis E. Heckel and Gertrude M. Heckel (Mr. Samuel A. Bloom, appearing).
Mr. Irvine B. Johnstone, Jr., attorney for Borough of Mountainside.
*203 HERBERT, J.S.C.
These cases are consolidated. In Docket C 143-63 plaintiffs are neighbors of defendant Heckel. They allege he is committing violations of the zoning ordinances of the Borough of Mountainside at 300 Summit Road, where he lives and carries on some phases of his trucking and contracting business. Their complaint also charges that Heckel's use of his property is unreasonable and constitutes a nuisance "by reason of the dirt, dust, noises and fumes generated * * * and resulting unsightliness."
In Docket C 572-63 Mr. and Mrs. Heckel have sued for a declaratory judgment that the use being made of the Heckel property is lawful, particularly because of an alleged nonconforming use; and they have named as defendants the plaintiffs in Docket C 143-63 as well as the Borough of Mountainside and its building inspector.
On November 19, 1962 the building inspector made a complaint in the Municipal Court of Mountainside against Lewis E. Heckel, charging a violation of the zoning ordinance in that "said Defendant did enlarge and extend the scope and area of a non-conforming use as defined in said Ordinance." On that complaint Heckel was found guilty by the magistrate, and the judgment was subsequently affirmed by the Union County Court in a decision announced April 22, 1963. Then, on September 4, 1963, a second complaint was made in the municipal court against Heckel by the building inspector. Proceedings on that complaint had not yet been completed when this consolidated cause was tried, but I am informed that the municipal magistrate found Heckel guilty of violating the ordinance; that there was another appeal on which the Union County Court sent the case back to the magistrate for further proceedings; and that Heckel was again found guilty. I am also informed that an appeal from the magistrate's most recent decision was taken to the Union County Court and has not yet been disposed of.
The complaint in Cahill v. Heckel (C 143-63) was filed September 12, 1963. The complaint in Heckel v. Johnson (C 572-63) was filed October 28, 1963.
*204 Cahill and his coplaintiffs have not proved that a common law nuisance exists and therefore cannot have relief on that theory. There was testimony about occasional and disturbing noise from the motors of trucks and other heavy equipment belonging to Heckel. The proofs fall short, however, of showing noise severe enough and frequent enough to prejudice the health of Heckel's neighbors or interfere with thir normal habits of living. Nothing here approaches the severity of the noises which led the court to conclude a nuisance had been proved in Protokowicz v. Lesofski, 69 N.J. Super. 436 (Ch. Div. 1961). Heckel's neighbors have also alleged dirt, dust, fumes and unsightliness as elements of a common law nuisance. No effort was made to prove any of these allegations, and any evidence which may be considered as at all pertinent to them is far from sufficient to make out a case of nuisance. The area would be more attractive to look at if Heckel's heavy equipment were not in sight, but in New Jersey it has been said that unsightliness is no basis for a finding of nuisance. Demarest v. Hardham, 34 N.J. Eq. 469, 474 (Ch. 1881). That appears to be the general rule. 39 Am. Jur., Nuisances, § 28, p. 310.
The plaintiffs in Docket C 143-63, having failed to prove a case of common law nuisance, must fall back upon their allegations that Heckel has violated the zoning ordinance. In Garrou v. Teaneck Tryon, 11 N.J. 294 (1953), it was held that a private citizen living adjacent to a plot of land used as a parking lot had standing to seek injunctive relief against a violation of the local zoning ordinance consisting of such use of the lot. Concerning the position of such citizen the court said:
"The plaintiff is not acting simply as a citizen or taxpayer of the community in his quest to prevent further violation of the zoning ordinance. He is a property owner whose home adjoins the premises where the violation is occurring and he alleges special damages in that he and his family are being discommoded and his property depreciated. His interest is distinct from and greater than that of the community as a whole and we perceive no reason for denying him fair opportunity to vindicate and protect that interest; we consider that *205 such denial would not only operate unjustly as to him but would also retard the public interest." (at p. 300)
Other cases appear to have recognized that the right of a private citizen to sue in cases like the present follows from the fact of his being located near the premises on which the alleged violation is taking place. Yanow v. Seven Oaks Park, Inc., 15 N.J. Super. 73, 80 et seq. (Ch. Div. 1951); Sautto v. Edenboro Apartments, 84 N.J. Super. 461 (App. Div. 1964).
In Sautto plaintiffs were private citizens residing on either side of the large apartment house which allegedly had been built in such a location as to violate the zoning ordinance. About these plaintiffs the court said:
"As individuals, their right to maintain such an action depends upon a showing that they have sustained, by reason of the violation, `special damages over and above the public injury.'" (at p. 474)
"While plaintiffs' proofs established a violation and the proximity of the apartment building to their respective property lines, sufficient to give them `standing' to institute this action, there was no proof that plaintiffs had suffered any `special damages' beyond what might be suffered by anyone owning property next to a building in violation of a zoning ordinance." (at p. 476)
Though Sautto was an action at law, the opinion plainly says that the decision was based upon equitable principles.
It may be asked whether the standing of a private citizen to complain about violation of a zoning ordinance depends upon what his municipality is or is not doing by way of enforcement. Municipal officials can bring suit in the name of the municipality for an injunction to restrain an alleged zoning violation. N.J.S.A. 40:55-47; Mayor, etc., of Alpine v. Brewster, 7 N.J. 42 (1951). If that were done, would the court also have to recognize the standing of private citizens to sue for the same relief? There is a strong hint to the contrary in Garrou v. Teaneck Tryon, supra, where the court commented (11 N.J., at p. 304) that a judgment in lieu of mandamus to compel township officials to enforce the zoning ordinance would not "seem to be the course indicated if *206 the plaintiff [a private citizen] obtains wholly adequate injunctive relief * * *." Nor would the granting of an injunction to a private citizen seem to be the course indicated if the municipality has already obtained an injunction against the same violation.
In the present case, although the Borough of Mountainside has brought legal proceedings to enforce its ordinance and has been successful in those proceedings, it has not sued in equity for an injunction. Some of the reported cases in which the right of a private citizen to sue has been affirmed mention the absence of effective enforcement by the municipality. Stokes v. Jenkins, 107 N.J. Eq. 318 (Ch. 1930); Frizen v. Poppy, 17 N.J. Super. 390 (Ch. Div. 1952); Garrou v. Teaneck Tryon, supra. None of these cases, as I read them, makes a citizen's right to equitable relief against his neighbor's zoning violation depend upon the absence of municipal enforcement action. Yet no reported cases have been found in which a suit of a citizen to enjoin a zoning violation has gone forward at essentially the same time as municipal proceedings for enforcement. Thus the instant case raises more directly than any other called to my attention the problem  if it is a problem  of dual enforcement. The situation appears to present a version of the old question: Is the remedy at law adequate? A defendant cannot raise that question successfully when his municipality chooses to sue to restrain a violation rather than proceed under the penal sections of the zoning ordinance. Boise City v. Better Homes, Inc., 72 Idaho 441, 243 P.2d 303 (Sup. Ct. 1952). There the city sued in equity to enjoin the defendant from maintaining a lumber yard at an allegedly forbidden location, and the court in the course of its opinion said:
"It is settled that a city may invoke the aid of equity to enforce its police regulations in a case of this kind, and that the misdemeanor penalty provided by the ordinance is not an adequate remedy. City of Idaho Falls v. Grimmett, 63 Idaho 90, 117 P.2d 461; City of Stockton v. Frisbie & Latta, 93 Cal. App. 277, 270 P. 270; Town of Gallup v. Constant, 36 N.M. 211, 11 P.2d 962; City of San Mateo v. Hardy, 64 Cal. App.2d 794, 149 P.2d 307; Donovan v. City of *207 Santa Monica, 88 Cal. App.2d 386, 199 P.2d 51." (243 P.2d, at p. 304)
This result might well have been different if Boise City had first started a penal action and had been still prosecuting it when the defendant questioned equity's jurisdiction. In the words of 1 Pomeroy, Equity Jurisprudence (5th ed), § 179, p. 251, "* * * the doctrine is well settled that when the jurisdictions of law and equity are concurrent, the one which first takes actual cognizance of any particular controversy ordinarily becomes thereby exclusive." But is a penal action by the municipality the same controversy as a neighbor's suit for an injunction? I think our cases call for a negative answer to that question. The neighbor's rights appear to have been recognized as separate to a considerable degree from those of the community. In Garrou v. Teaneck Tryon, Inc., the Supreme Court said about a citizen plaintiff suing in equity (as quoted, supra) that "His interest is distinct from and greater than that of the community as a whole and we perceive no reason for denying him fair opportunity to vindicate and protect that interest * * *."
If this were an area untouched by prior decisions, I would have doubts about the wisdom of subjecting an alleged violator of a zoning ordinance to proceedings at law brought by his municipality and at the same time to a suit in equity brought by his neighbors. The risk of inconsistent decisions is obvious. The burden of litigating simultaneously in two different parts of the same judicial system is heavy. My conclusion, however, is that a trial judge must regard Garrou as giving to the neighbors their own independent cause of action so that they can properly say the municipality's choice of a remedy at law is both inadequate for their protection and is not such an election to seek a legal remedy as to bar them from suing in equity. In reaching this conclusion I have considered the nature of the alleged zoning violation. The charge in Boise City, supra, was that the violation consisted of the operation of a business, rather than a potential and important *208 change in circumstances such as the construction of a building. Cf. Sautto v. Edenboro Apartments, supra. The same comments can be made about the allegations against Heckel. The right to proceed under the penal sections of the Boise ordinance was held to be an inadequate remedy for the city against such violation  a result which supports the view that the penal proceedings against Heckel are not on the facts of this case an adequate protection for the independent rights of Cahill and his coplaintiffs. And a practical basis for comparing the potential effectiveness of injunctive relief with the imposition of a modest fine by a magistrate is found in a sequel to Donovan v. Santa Monica (cited in the excerpt quoted above from Boise City v. Better Homes, Inc.); the enjoined property owners were held in contempt and fined $2,000 and $4,500 respectively. Donovan v. Superior Court of Los Angeles County, 224 P.2d 911 (D. Ct. App. 1951).

* * * * * * * *
[The court here reviewed the facts and reached the following conclusions in Cahill v. Heckel, Docket C 143-63.
History of the Heckel business justifies a claim of nonconforming use of premises located at 300 Summit Road as contractor's storage yard to the extent of such existing use prior to the current ordinance which was passed on December 13, 1955, and which by its terms approved all then existing non-conforming uses without regard to their prior legality. However, the nonconforming activities have been enlarged since that date, principally due to removal of equipment from other nearby property which Heckel cleared for sale in the summer of 1962. The only valid nonconforming use established for the period prior to the summer of 1962 was storage of such trucks and other machines as could be stored in two garages located on the premises. Such indoor storage is the only non-conforming storage allowed, and the storing of additional trucks or machines is enjoined.
Use of yard for storing tools and devices which are not motor-driven or attachments for motor-driven equipment is not enjoined.
*209 Nonconforming use for piling gravel, cinders and the like in December 1955 has not been established and such use should be enjoined except for a supply of topsoil of limited size.
It is found that garage whose enlargement was authorized by variance granted in 1951 was enlarged beyond authority of the variance at some time subsequent to December 1955, probably in 1957 or 1958. However, in view of the equities (Sautto v. Edenboro Apartments, 84 N.J. Super. 461 (App. Div. 1964)), substantial alterations in the structure should not be ordered at this late date on the plea of the neighbors.]
Mr. and Mrs. Heckel, plaintiffs in Docket C 572-63, are not entitled to relief by way of declaratory judgment against the borough and its building inspector. The borough, in the name of the State, has charged Heckel with violating its ordinance. The litigation is still pending; there is an actual controversy pending in another court. Under the circumstances, the Chancery Division should not consider a declaratory judgment. Judgment will be for the defendants in Docket C 572-63.
Costs to plaintiffs in Cahill v. Heckel, Docket C 143-63. Costs to defendants in Heckel v. Johnson, Docket C 572-63.