[No. 19794. Department One. October 21, 1926.]

R. W. Elsom *et al., Respondents,* v. L. J. Tefft,
*Appellants.*[1]

[1] APPEAL (276)—RECORD—NECESSITY OF STATEMENT OF FACTS—
OBJECTIONS. In the absence of a bill of exceptions or statement
of facts, it cannot be said that a receiver had no authority as a
referee, after the parties had appeared before him and presented
their evidence.

[2] RECEIVERS (17)—APPOINTMENT—ESTOPPEL TO ATTACK. A re-
ceiver's failure to take his oath of office will not be presumed
where the record is silent; and is waived where the parties
proceeded to trial without objection on that ground.

[3] VENUE (3)—ACTIONS RELATING TO REAL PROPERTY—TRUSTS. An
action to enforce a trust in real property operates on the parties
personally, and is transitory in nature.

[4] PARTIES (4)—TRUSTS (37)—RIGHT AND CAPACITY OF TRUSTEE TO
SUE. Notwithstanding a common law trust has no legal standing
as an entity under the laws of this state, the trustee of the
property may maintain actions in the courts for the protection
of the property rights of the beneficiaries of the trust.

[5] CONSTITUTIONAL LAW (141)—JURY (4)—DUE PROCESS—RIGHT TO
JURY TRIAL. Lack of jurisdiction of a referee to try a case in
equity cannot be said to be a violation of the constitution with
reference to due process of law and the right to trial by jury,
where the parties appeared for trial before the referee without
objection.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered July 13, 1925,
upon findings in favor of the plaintiffs, in an action
for the appointment of a receiver and for an account-
ing. Affirmed.

*E. B. Quackenbush,* for appellants.

*Turner, Nuzum & Nuzum, Edw. M. Connelly,* and
*R. L. Edmiston,* for respondents.

[1]Reported in 250 Pac. 346.

Holcomb, J.—This action in equity was brought by four out of five trustees of a common law trust, designated as the Victoria Silver-Lead Syndicate, owning mining properties, some under crown grants and some not granted, in the province of British Columbia, Canada, against L. J. Tefft, as trustee and in his individual capacity, and James C. Allison.    The common law trust was a Washington association with its office and principal place of business in Spokane and conducted its mining operations in British Columbia.    The mining venture was its sole business.

In the complaint, an accounting was demanded, a restraining order and injunction to maintain the rights of the several unit holders of the trust in the properties of the estate, their respective claims and interests were demanded, a receiver was prayed for and judgment was demanded against the defendants, and an order of court requiring the organization of a corporation to take over the property.

The court granted an injunction *pendente lite* and appointed a receiver in the person of T. T. Grant, an attorney in Spokane.

It appears also that, under the order directing the receiver to investigate the nature of the claims and holdings of each and every unit holder of the syndicate and take over all the property and assets of the trust of every kind and nature, and investigate the rights of each and all of the parties therein, the receiver took evidence as to the nature of the claims of each and all of the unit holders, all the parties voluntarily submitting their evidence to him.    In a report made by the receiver which recites that he ''is the duly appointed, qualified and acting receiver of the Victoria Silver-Lead Syndicate'' and showing the names and specific rights of all parties interested in the syndicate, he also reported facts and made findings and recommendations

to the trial court recommending a certain judgment and decree disposing of all the rights of all the parties and signed the same as referee. The record is wholly silent as to Mr. Grant or anyone ever having been appointed referee.

Upon the filing of the report and recommendations above mentioned, exceptions were taken thereto by all the parties by their then attorneys, as to certain specific items of the report and recommendations, which were brought on for hearing before the court below, which adopted the report, findings and recommendations of Mr. Grant. In the report and findings alluded to, among other things, he recommended as follows:

"That the parties hereto and the unit holders of said Syndicate be given a reasonable time within which to form a corporation to take over the assets of said Syndicate and to pay the obligations outstanding against the same, and to divide the shares of stock in said corporation according to the respective rights of the parties hereto and the unit holders as set forth in Exhibit 'A' that the defendant, L. J. Tefft be directed to convey the seven-eighths (7-8) interest in and to the mining claims herein referred to, to said corporation or to such person as the court shall designate."

The report described the mining property, the trust assets, named the owners of the units and found the rights and interests of each party and unit holder. Thereafter, according to the transcript, argument was heard by the court upon which the court duly found and concluded in harmony with the report and recommendations of the receiver and settled the rights and interests of each in the decree.

The creditor claims of appellant Tefft for alleged personal services were denied by the findings and decree, no unit interest was found for him, and personal judgment was entered against him for $1,677.89 for

trust money had and received by him. He was also adjudged to hold the legal record title to the seven-eighths (7-8) interest of the trust estate in the mining claims in British Columbia, in trust, and he was ordered to deed and convey the same to the unit own-ers, or upon their direction, on demand. The claim of appellant Allison for alleged personal services was also denied, except $417.89, adjudged to him for bal-ance on salary account and personal money used for the benefit of the trust.

It is provided that the holders of the units in the Victoria Silver-Lead Syndicate be allowed until No-vember 1, 1925, to complete an organization and take over the title of the mining property upon paying the amounts adjudged as liens against the same as set forth in the decree. Certain other sums were adjudged against certain others of the trustees who were plain-tiffs, and allowances were made for attorneys' fees to attorneys for the plaintiffs and to Mr. Grant as re-ceiver and referee against the trust estate.

The injunction against appellants was made per-manent against the transfer of any trust estate assets save to the unit holders or on their order in pursuance of the decree. After the decree was entered a corpora-tion was organized under the laws of Washington which qualified under the laws of British Columbia and took over the mining properties.

The voluminous pleadings herein comprise 111 pages of the transcript. There is no statement of facts or bill of exceptions brought here and appellants complain of a denial by the trial court of an application by them for an extension of time to prepare, serve and file, a statement of facts. Doubtless the trial court denied the same upon the showing attempted to be made and we are unable to say that he abused his discretion therein.

The case therefore stands here on the transcript which includes findings of fact, conclusions of law and the decree, of the court itself. The present attorney for appellants was not the attorney who represented appellants in the court below.

Appellants now contend that Mr. Grant had no authority as referee and that his acting as such was wholly void and is not a valid and proper basis for any findings, conclusions and decree by the trial court.

[1]   There being no statement of facts or bill of exceptions here we are unable to say what may have been presented to the court below before the findings of fact, conclusions of law and decree of the court were entered. At all events, Grant was the receiver. He qualified as such by giving the bond required by the court and entered upon the performance of the duties required by the order appointing him. Apparently all the parties were satisfied with him and proceeded to present their evidence as to their rights and claims as if he were a referee.

[2] · It is contended, also, that, although Grant gave the bond as receiver required of him by the court, he did not take the oath required by statute and that therefore the proceedings before him are void. The record is silent as to whether Grant took the statutory oath, either as receiver, or as referee, but that is a mere irregularity and the presumption is that he took the oath prescribed by law since all officers are presumed to do their duty.   Moreover, such mere irregularity is waived by the parties proceeding to trial without objection on that ground. 23 R. C. L., p. 298, § 11.

As to Grant's proceeding to act as referee without any appointment or qualification, that also should have been taken advantage of in the court below by a motion to set aside the referee's report or decision. Rem. Comp. Stat., § 387. That was not done.

Appellants principally contend that the trial court was without jurisdiction of the subject-matter of this action in so far as it sought to adjudicate the title and interest of the several unit holders in real estate in British Columbia, beyond the jurisdiction of the courts of this state. In connection therewith it is also claimed that the syndicate, being a common law trust, has no legal status in this state nor in the courts of this state, relying upon *State ex rel. Range v. Hinkle,* 126 Wash. 581, 219 Pac. 41.

[3] The first of the above contentions has been answered adversely to appellants by us in *Rosenbaum v. Evans,* 63 Wash. 506, 115 Pac. 1054. In that case, reaffirming *State ex rel. Scougale v. Superior Court,* 55 Wash. 328, 104 Pac. 607, and *Sheppard v. Couer d'Alene Lumber Co.,* 62 Wash. 12, 112 Pac. 932, we held that an action to establish and enforce a trust in real property operates upon the parties personally and is transitory in its nature. Other cases were cited to show that it is well settled that a court of equity has power to compel a reconveyance of property outside of its jurisdiction by reason of this control over the parties before it.

[4] As to the second part of the jurisdictional contention the *Range* case relied upon by appellants is not in point either. We held in *Denny v. Cascade Platinum Co.,* 133 Wash. 436, 232 Pac. 409, that, although a common law trust has no legal standing as an entity under the laws of this state as held in the *Range* case, nevertheless, the trustees of the property that happens to be held in that name may seek in the courts protection of the property rights of the beneficiaries of the trust. That is all these plaintiffs are doing in this case as was true in the last cited case.

[5] Appellants also seem to contend that the lack of jurisdiction in the referee to make the findings and

report and the court's findings, conclusions and decree were all invalid in that they violated the protection of § 3, art. 1 of the state constitution against deprivation of life, liberty and property without due process of law and of the constitutional provision providing that the right of trial by jury shall remain inviolate and of similar provisions of the federal constitution.

We are unable to see the application of these constitutional provisions. This is an action in equity in which no jury trial is demandable and none was demanded by anyone. The parties proceeded to introduce evidence before the receiver or referee and apparently stood thereon before the trial court except as to certain features thereof to which they excepted.

Some of the contentions of appellants are untenable for the reason that they raise questions of fact into which we cannot inquire because there is no statement of facts before us. Some of them are even covered by admissions and averments of the pleadings.

Upon an examination of the record as it is before us, we are unable to see how the findings, conclusions and decree of the trial court are irreconcilable or can now be disturbed in any way.

The decree is therefore affirmed.

TOLMAN, C. J., BRIDGES, FULLERTON, and MACKINTOSH, JJ., concur.