[No. 33063.   Department Two.   March 28, 1955.]

CHARLES S. BROWN, *Appellant,* v. MURIEL H. BROWN, *Respondent.*[1]

*Joseph L. McDole* and *Samuel W. Fancher,* for appellant.

*Clarke & Eklow,* for respondent.

[1]Reported in 281 P. (2d) 850.

MALLERY, J.—The defendant wife owned a house and two lots in Spokane before her marriage to plaintiff on December 11, 1949. Thereafter, he coerced her into deeding him an undivided one-half interest in the property. On September 19, 1952, he procured an interlocutory decree of divorce by default, in a California action in which she did not appear. It approved a property settlement between the parties, which included the deed to the property in question.

The final decree of divorce was entered October 7, 1953, and the plaintiff husband brought this action, as a tenant in common, for the partition of the Spokane real estate, on November 25, 1953. The defendant wife cross-complained seeking cancellation of the deed for fraud, duress, and coercion.

The plaintiff's demurrer to the cross-complaint was over-ruled. The court dismissed plaintiff's action for partition and granted defendant's prayer on her cross-complaint.

The plaintiff appeals. He does not challenge the sufficiency of the evidence to sustain the judgment, but, instead, contends that the demurrer should have been sustained, and that no evidence should have been admitted in support of the cross-complaint.

He relies upon the rule of *In re Garrity's Estate,* 22 Wn. (2d) 391, 156 P. (2d) 217, that where a property settlement is approved by a divorce decree, the rights of the parties rest upon the decree rather than the property settlement. From this, he argues that the validity of the deed is *res judicata,* and that respondent's cross-complaint to cancel it is a collateral attack upon the California decree.

Assuming, without deciding, that this is so, it is still not decisive of the case. A decree can be collaterally attacked upon the ground that it is void for want of jurisdiction. In *Maple v. Maple,* 29 Wn. (2d) 858, 189 P. (2d) 976, we said:

"In two recent decisions of this court, it has been laid down as the law that the provisions of the Federal constitution requiring that full faith and credit be given in each state to the judicial proceedings of every other state do not prevent a collateral attack upon the jurisdiction of a sister state to

render a judgment which is later offered in evidence in an action brought in another state, and that the record of a judgment rendered in the sister state may, in such collateral attack, be contradicted as to the facts necessary to give the court of that state jurisdiction. *Mapes v. Mapes,* 24 Wn. (2d) 743, 167 P. (2d) 405; *Wampler v. Wampler,* 25 Wn. (2d) 258, 170 P. (2d) 316."

■ The California court had no jurisdiction over the Spokane real estate. It is a fundamental maxim of international jurisprudence that every state or nation possesses an exclusive sovereignty and jurisdiction within its own territory. The rule is well established that in divorce proceedings the courts of one state can not directly affect the legal title to land situated in another state. See 51 A. L. R. 1081. As was said in *Schluter v. Schluter,* 130 Cal. App. 780, 20 P. (2d) 723:

"If the lower court attempted to fix title to the property in Texas in the interlocutory decree of divorce, it went beyond its jurisdiction, and these portions of the decree complained of are of no binding force and effect. This is clearly made to appear in *Taylor v. Taylor,* 192 Cal. 71 [218 Pac. 756, 758, 51 A. L. R. 1074], where it is said:

" 'Appellant's first contention is unquestionably correct. That the courts of one state cannot make a decree which will operate to change or directly affect the title to real property beyond the territorial limits of its jurisdiction must be conceded. The doctrine that a court, not having jurisdiction of the *res,* cannot affect it by its decree is firmly established. [Citing cases.]' "

■ In a divorce action, the fact that a court can effectuate its decree by contempt proceedings against persons within its jurisdiction, even though interests in land in another state are thereby indirectly affected, is of no comfort to appellant. He admits in his brief:

" . . . the California Court at no time attempted to transfer title or change the ownership of the real property in question . . ., but to the contrary left the property exactly as it was prior to the divorce. . . ."

To this it may be added that the California court required no acts of the parties with relation to the land in question. There can be, therefore, no occasion for contempt proceed-

ings in the California court with which we need concern ourselves. Appellant brought his action for partition and respondent her cross-complaint for cancellation of the deed in Washington, because they are both local actions exclusively within the jurisdiction of the Washington courts. We owe no deference to a sister state in such matters.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

---

May 16, 1955. Petition for rehearing denied.