173 P.3d 980 (2007)
Joan Sharon MACKENZIE, Respondent,
v.
Richard Alan BARTHOL, Appellant.
No. 25374-1-III.
Court of Appeals of Washington, Division 3.
December 20, 2007.
*981 Richard B. Price, Richard B. Price, PS, Omak, WA, for Respondent.
Richard Alan Barthol (Appearing Pro Se), Oroville, WA.
BROWN, J.
¶ 1 Joan Sharon MacKenzie successfully sued to eject Richard Alan Barthol from certain Okanogan County real property based on an unappealed Canadian divorce order. The Canadian court decided the parties held the property as tenants-in-common and ordered exclusive possession for Ms. MacKenzie, so she could sell the property and divide the proceeds according to its order. The superior court summarily granted Ms. MacKenzie possession and entered orders concerning title to enable the property sale. Pro se, Mr. Barthol contends the superior court erred in giving effect to the Canadian court's order because he claims title to the property was solely his under a quit claim deed. Because the Canadian court considered the title question in its unappealed order, and the trial court properly applied comity principles in aid of the Canadian court's jurisdiction, we affirm.

FACTS
¶ 2 In 2003, after a 12-year marriage, Mr. Barthol and Ms. MacKenzie were divorced in British Columbia (B.C.), Canada. Then, the parties submitted the divorce property issues to the Supreme Court of British Columbia, including property located in Oroville, Washington. The trial took 35 days, extending over eight months.
¶ 3 On August 31, 2004, the B.C. court entered its "Reasons for Judgment" and an order. It held Mr. Barthol and Ms. MacKenzie owned the Oroville property, including real and personal property, as "tenants-in-common," and "[t]o the extent that the present title does not reflect this ownership . . ., Mr. Barthol holds Ms. MacKenzie's interest in trust for her." Clerk's Papers (CP) at 80. The B.C. court granted Mr. Barthol 60 days to purchase Ms. MacKenzie's interest in the property for a sum of $29,000, but Mr. Barthol did not exercise his option.
¶ 4 On January 14, 2005, the B.C. court entered further "Reasons for Judgment," noting the parties had submitted to the court's jurisdiction and reasoning that Ms. MacKenzie "obtained a one-half interest in the property [at trial]," that Mr. Barthol failed to take advantage of the purchase option, and that "Ms. MacKenzie now wishes to take steps to effect the sale of the property." CP at 175, 181. The B.C. court granted Ms. MacKenzie "exclusive occupancy, possession and use of the property at Oroville, Washington." CP at 181. Further, Ms. MacKenzie "will have conduct of the sale of the Oroville property for seven months and may list the property for sale." CP at 181. The B.C. court permitted her to "force entry to the premises on the property to effect exclusive possession and show it to prospective purchasers." CP at 182. Finally, the B.C. court gave Mr. Barthol "until April 30, 2005 to *982 remove his personal effects from the Oroville property." Id.
¶ 5 In June 2005, Ms. MacKenzie filed an ejectment action in Okanogan County Superior Court. The court granted Ms. MacKenzie's motion for summary judgment, upholding the B.C. orders on the basis of comity and fairness. It stated the alternative would require a retrial of "the whole case in order to make a fair and equitable division. . . . And that's been done." Report of Proceedings (RP) at 16. Further:
[T]he decision in Canada was fair, . . . and substantively I don't see how this court could reach any other conclusion but that the disposition of the Oroville property as ruled by the B.C. court should be the same order as this court, on the basis of comity but also on the basis of fairness and lack of any other alternative that makes any sense.
RP at 16-17 (emphasis added). "This Court cannot reach any other decision on the basis of comity and fairness other than . . . that the substance of the award to Ms. MacKenzie is fair and equitable." CP at 18. It awarded Ms. MacKenzie attorney fees and costs "in accord with Greenly v. Greenly, [sic], 65 Wash.App. 703, 829 P.2d 1120 (1992)." CP at 5. Mr. Barthol unsuccessfully moved for reconsideration. Mr. Barthol appeals solely the superior court orders pertaining to Ms. MacKenzie's title.

ANALYSIS

A. Summary Judgment
¶ 6 The issue is whether the Okanogan County Superior Court erred in entering orders in aid of the Canadian divorce court and recognizing Ms. MacKenzie's ownership interest in and right to exclusive possession to sell the Okanogan County Washington real property. Mr. Barthol contends the Oroville property is his separate property.
¶ 7 We review summary judgment grants de novo. Korslund v. Dyncorp Tri-Cities Servs. Inc., 156 Wash.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is proper where, viewing the facts in a light most favorable to the nonmoving party, no genuine issues of material fact exist and the issues can be resolved as a matter of law. Id.
¶ 8 Under the comity doctrine, a court has discretion to "give effect to the laws [and resulting judicial orders] of another jurisdiction out of deference and respect, considering the interests of each [jurisdiction]." Haberman v. Wash. Pub. Power Supply Sys., 109 Wash.2d 107, 160-61, 744 P.2d 1032 (1987). Orders "`will be recognized and given force if it be found that they do not conflict with the local law, inflict an injustice on our own citizens, or violate the public policy of the state.'" Reynolds v. Day, 79 Wash. 499, 506, 140 P. 681 (1914) (quoting State v. Nichols, 51 Wash. 619, 621, 99 P. 876 (1909)). Comity rests on considerations of practice, convenience, and expediency in the judicial system. Haberman, 109 Wash.2d at 160, 744 P.2d 1032.
¶ 9 Washington law requires actions for "the possession of, . . . or for the determination of all questions affecting the title" to be commenced in the county where the property is located. RCW 4.12.010(1). Despite this, our Supreme Court has held that "an action to establish and enforce a trust in real property[, as ordered by the B.C. court,] operates upon the parties personally and is transitory in its nature[,]" and does not directly affect the legal title. Elsom v. Tefft, 140 Wash. 586, 591, 250 P. 346 (1926) (emphasis added). The Elsom court reasoned, "it is well settled that a court of equity has power to compel a reconveyance of property outside of its jurisdiction by reason of this control over the parties before it[,]" again operating against the parties personally through coercion. Elsom, 140 Wash. at 591, 250 P. 346 (emphasis added); Rosenbaum v. Evans, 63 Wash. 506, 510, 115 P. 1054 (1911). Any argument that this violates state constitutional rights against deprivation of life, liberty, or property without due process of law is inapplicable where both parties bring the matter before the foreign jurisdiction and present evidence to resolve the dispute. Elsom, 140 Wash. at 592, 250 P. 346.
¶ 10 Moreover, where a divorce is granted in a foreign jurisdiction, and property in this state remains for disposition, a trial court can dispose of the property as it would under our *983 dissolution laws. RCW 26.09.080; Buckley v. Buckley, 50 Wash. 213, 223, 96 P. 1079 (1908). RCW 26.09.080 allows distribution of property, "either community or separate, as shall appear just and equitable."
¶ 11 Here, the superior court intended to give effect to the B.C. court orders. Because Mr. Barthol did not appeal the B.C. court orders, they are final and controlling. The B.C. court held Mr. Barthol and Ms. MacKenzie owned the Oroville property as tenants-in-common. Mr. Barthol incorrectly asserts the B.C. court granted Ms. MacKenzie sole title. The B.C. court granted Ms. MacKenzie exclusive possession for the purpose of sale.
¶ 12 While the trial court's summary judgment order contains references to awarding the property in its entirety to Ms. MacKenzie, title "quieted" in Ms. MacKenzie, and her "free and clear" title; considering the court's later specific orders requiring Mr. Barthol to "sign any legal documents required" to clear title "for title insurance purposes," and for a magistrate to sign in his stead if he is uncooperative, it is clear that the court recognized Mr. Barthol's tenant-in-common status. CP at 27. These earlier references are merely part of the court's design to assure clear title. Considering all, the trial court acted within its discretion in entering orders designed to carry out the B.C. court's intent under the comity doctrine. Therefore, we conclude the court did not err in granting immediate possession of the property to Ms. MacKenzie and specifying a means to carry out the B.C. court's intent.
¶ 13 Upon sale of the Oroville property, the resulting proceeds are to be paid into the trial court's registry for disposition. The trial court has leave to further transfer the funds, or any remaining part, to the B.C. court's registry for disposition.

B. Attorney Fees
¶ 14 Ms. MacKenzie requests attorney fees on appeal under RCW 26.09.140 and under equitable grounds for Mr. Barthol's intransigence. We have discretion to grant attorney fees on appeal. RAP 18.1. "Attorney fees are generally not awarded in a civil action unless authorized by statute, by agreement of the parties, or upon a recognized equitable ground." In re Marriage of Greenlee, 65 Wash.App. 703, 707, 829 P.2d 1120 (1992). RCW 26.09.140 applies to actions filed under this state's dissolution laws. "Intransigence is the quality or state of being uncompromising." In re Marriage of Schumacher, 100 Wash.App. 208, 216, 997 P.2d 399 (2000).
¶ 15 Here, no contractual provisions exist and the matter was filed as an ejectment in aid of the B.C. court orders. Ms. MacKenzie has not shown Mr. Barthol's intransigence on appeal. Although Mr. Barthol's argument that the Oroville property is his separate property is without merit, the comity issues are novel and the trial court's discretion is reviewable. Considering all, we deny her request for attorney fees.
¶ 16 Affirmed.
WE CONCUR: KULIK and STEPHENS, JJ.