182 P.3d 959 (2008)
In the Matter of the MARRIAGE OF Mariusz K. KOWALEWSKI, Petitioner, and
Barbara B. Kowalewska, Respondent.
No. 79662-9.
Supreme Court of Washington, En Banc.
Argued January 24, 2008.
Decided May 8, 2008.
*960 John Stratford Mills, Law Offices of David Smith, PLLC, Tacoma, WA, for Petitioner.
Jason P. Benjamin, Law Offices of Benjamin & Healy, PLLC, Lakewood, WA, for Respondent.
MADSEN, J.
¶ 1 Mariusz Kowalewski challenges a Court of Appeals' decision affirming the trial court's denial of his motion to vacate provisions of a marital dissolution decree. He contends the trial court exceeded its jurisdiction when it distributed ownership interests in real property located in Poland. We hold that when a trial court has personal jurisdiction over the parties and subject matter jurisdiction over the dissolution, it has power to divide the parties' personal interests in all property brought to its attention, wherever situated. Accordingly, the trial court's division of the parties' ownership interests in Polish real property is a valid in personam decree. We affirm the Court of Appeals.

FACTS
¶ 2 In 2003, after a 28-year marriage, Mariusz Kowalewski and Barbara Kowalewska petitioned for a decree of dissolution in Pierce County Superior Court. Clerk's Papers (CP) at 2. In addition to personal and real property located in Washington, the trial court divided the parties' interests in an *961 apartment and a farm in Poland. Mr. Kowalewski proposed the apartment in Poland be sold and the proceeds divided equally. Resp't's Mot. on the Merits To Affirm, Exhibit A. Instead, after finding the Polish properties to be substantially equal in value, the trial court awarded the apartment to Ms. Kowalewska and the farm to Mr. Kowalewski. CP at 5. The disputed portion of the decree provides:
Parcel 3: Apartment in Poland
Barbara B. Kowalewska is awarded as her exclusive property all right, title and interest, including rights to sell, rent or make any decision over, and full monetary value of, the parties' apartment located in Wroclaw, Strzegomska 290/12, Poland.
Parcel 4: Farmland in Poland
Mariusz K. Kowalewski is awarded as his exclusive property all right, title and interest, including rights to sell, rent or make any decision over, and full monetary value of, the parties' farmland located in Orlowiec, Poland.
CP at 12 (bold and capitalization omitted).
¶ 3 Mr. Kowalewski moved for reconsideration, submitting additional evidence on the value of the Polish properties. The trial court refused to consider the additional evidence as untimely and denied the motion.
¶ 4 Neither party appealed the divorce decree. However, a year later Mr. Kowalewski brought a CR 60(b)(5) motion, asking the trial court to vacate the provisions relating to the real estate in Poland. He asserted the decree was void because "the trial court does not have jurisdiction to award title to real property located outside of Washington State." CP at 18.
¶ 5 The trial court denied the motion, stating in relevant part, "[T]he Court did not purport to directly affect title to property in Poland by dividing the parties rights and interests in said property by the provisions of the Decree." CP at 22-23.
¶ 6 Mr. Kowalewski appealed the trial court's denial of his motion to vacate. Commissioner Eric Schmidt of the Court of Appeals, Division Two on August 25, 2006, granted Ms. Kowalewska's motion on the merits and affirmed the trial court's ruling.
¶ 7 In his ruling, Commissioner Schmidt stated: "Kowalewski invoked the jurisdiction of the Washington court by petitioning to dissolve his marriage. The decree divided the personal interests of [Mr.] Kowalewski and [Ms.] Kowalewska in their community property, including their interests in the real property in Poland. The effect of that decree on the title to the real property in Poland is a matter for the Polish courts." Ruling Aff'g Order Denying Mot. To Vacate Decree at 4, In re Marriage of Kowalewski, No. 34256-1-II (Wash.Ct.App. Aug. 25, 2006). Concluding the decree does not "directly" affect title to property in Poland, the commissioner ruled the trial court did not abuse its discretion in denying the motion. Id.
¶ 8 Mr. Kowalewski unsuccessfully moved to modify the commissioner's ruling. This court accepted review of the Court of Appeals decision at 161 Wash.2d 1022, 169 P.3d 830 (2007).
¶ 9 Ms. Kowalewska did not submit any briefing to this court.

ANALYSIS
¶ 10 It is undisputed the court had personal jurisdiction over the parties and subject matter jurisdiction over the dissolution action. The issue is whether the court's jurisdiction over the parties and the action encompasses the power to distribute ownership interests in real estate located in Poland.
¶ 11 Mr. Kowalewski contends the property distribution is invalid because a Washington court lacks jurisdiction to adjudicate title to real property located outside this state's territorial borders. For support, he relies principally on Brown v. Brown, 46 Wash.2d 370, 281 P.2d 850 (1955).
¶ 12 In Brown, a husband obtained a default decree of divorce in California. Id. at 371, 281 P.2d 850. His wife did not appear in the action. The California court awarded him a parcel of land located in Washington, which his wife deeded to him during their marriage. Brown brought a partition action in Washington to enforce the decree. His former spouse counterclaimed, asserting the *962 deed was invalid. The trial court ruled in her favor after finding Brown had obtained the deed through coercion.
¶ 13 On appeal, Brown argued the trial court erred in allowing his former spouse to litigate the deed's validity because Washington was required to give full faith and credit to the California decree granting him ownership of the Washington land. This court observed it need not enforce a decree by a court lacking jurisdiction:
It is a fundamental maxim of international jurisprudence that every state or nation possesses an exclusive sovereignty and jurisdiction within its own territory. The rule is well established that in divorce proceedings the courts of one state can not directly affect the legal title to land situated in another state.
Id. at 372, 281 P.2d 850.
¶ 14 Thus, to the extent the California decree purported to effect a change in legal ownership by its decree, it was void for lack of jurisdiction. This court noted, however, the California decree did not purport directly to affect legal title. Nor did the California court attempt to affect legal title indirectly, which it could have done. See id. ("[A] court can effectuate its decree by contempt proceedings against persons within its jurisdiction, even though interests in land in another state are thereby indirectly affected."). It did not, for example, order Brown's former spouse to convey or release any interest in the Washington land. Because the California decree could not itself operate to transfer title, and because the California court did not exercise its coercive powers to accomplish indirectly what it could not do directly, nothing prevented a Washington court from adjudicating the deed's validity in a local action brought for that purpose.
¶ 15 Mr. Kowalewski interprets Brown as holding a Washington court lacks jurisdiction to grant ownership interests in real property located outside the state. He fails to recognize the distinction between jurisdiction to adjudicate personal interests in real property, which is a transitory action, and jurisdiction to adjudicate legal title to real property, which is a local action that must be brought in the situs state. See 20 Kenneth W. Weber, Washington Practice: Family and Community Property Law § 32.4, at 23 (Supp.2007).
¶ 16 As this court recognized in Brown, a court in one state does not have power directly to affect title to real property located outside the state. See also Sheldon R. Shapiro, Annotaion, Power of Divorce Court To Deal with Real Property Located in Another State, 34 A.L.R.3d 962, § 2[a] (1970). This is because jurisdiction in rem (directly over the thing itself) exists only in the state where the real property is located. Thus, a decree awarding real property located outside the state has no legally operative effect in changing legal title, except as provided by the law of the situs state. Donaldson v. Greenwood, 40 Wash.2d 238, 251, 242 P.2d 1038 (1952). Whereas a Washington decree awarding property situated within the state has the operative effect of transferring title, see United Benefit Life Ins. Co. v. Price, 46 Wash.2d 587, 283 P.2d 119 (1955), overruled on other grounds by Aetna Life Ins. Co. v. Wadsworth, 102 Wash.2d 652, 689 P.2d 46 (1984), a separate action generally must be brought to enforce a foreign decree affecting real property.
¶ 17 But a court may indirectly affect title by means of an in personam decree operating on the person over whom it has jurisdiction. Shapiro, supra, 34 A.L.R.3d 962, §§ 2[a], 4[b]. The power of a court to determine personal interests in real property located outside the state's territorial jurisdiction has been recognized in this country for nearly 200 years. See Massie v. Watts, 10 U.S. (6 Cranch) 148, 3 L.Ed. 181 (1810).
No one would question that an action brought to try the naked question of title to land must be brought in the state where the land is situate. However, where the basis of the action is transitory and one over which the court has jurisdiction, the court may hear and determine the action even though a question of title to foreign land may be involved, and even though the question of title may constitute the essential point on which the case depends.
Silver Surprize, Inc. v. Sunshine Mining Co., 74 Wash.2d 519, 526, 445 P.2d 334 (1968).
*963 ¶ 18 We have long recognized the distinction between jurisdiction to adjudicate title to land and jurisdiction to settle the parties' personal interests in real estate. Although this court has not addressed the issue in the context of a marital dissolution, we have rejected similar jurisdictional challenges arising from other equitable proceedings. See id. (affirming power of Washington court to adjudicate parties' interests in Idaho real estate in a breach of contract claim); Donaldson, 40 Wash.2d at 251, 242 P.2d 1038 (affirming power of Washington court to adjudicate parties' interests in California real estate in a partnership dissolution); Elsom v. Tefft, 140 Wash. 586, 591, 250 P. 346 (1926) (affirming power of Washington court to adjudicate parties' interests in mining claims located in British Columbia in an action brought to enforce a trust); Smith v. Fletcher, 102 Wash. 218, 220, 173 P. 19 (1918) ("It is a universal rule that the courts of one state cannot pass judgment on the title to land in another state. But, where the action is aimed at the personal relations of parties in connection with property beyond the jurisdiction, it is well recognized that courts may afford relief."); Rosenbaum v. Evans, 63 Wash. 506, 508-09, 115 P. 1054 (1911) ("a suit for the specific performance of a contract to convey real estate is a transitory one . . . [which] affects the parties to the action personally, but does not determine the title") (collecting cases); Sheppard v. Coeur d'Alene Lumber Co., 62 Wash. 12, 15, 112 P. 932 (1911) ("`[W]hen the title is incidental the court possessing jurisdiction of the contract which is in its nature transitory, may even inquire into the very title let the lands lie where they may.'" (quoting Henwood v. Cheeseman, 3 Serg. & Rawle 500, 504 (Pa. 1817))); State ex rel. Scougale v. Superior Court, 55 Wash. 328, 104 P. 607 (1909) (recognizing court's power to establish and enforce a trust in real property located outside state).
¶ 19 Here, the trial court's jurisdiction over the parties and the action clearly encompasses the power to adjudicate their personal interests in the real property located in Poland. The subject matter of the dissolution action is not an action to settle title to real estateit is not an in rem action over property in Poland. Rather, it is an in personam action in which a Washington court has jurisdiction to determine the parties' relative interests in all property brought to the court's attention. See RCW 26.09.050(1) (dissolution decree must "make provision for the disposition of property and liabilities of the parties"); RCW 26.09.080 (requiring court to "make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable"); Adams v. Abbott, 21 Wash. 29, 32-33, 56 P. 931 (1899).
¶ 20 In a dissolution proceeding, the trial court "has practically unlimited power over the property, when exercised with reference to the rights of the parties and their children." Arneson v. Arneson, 38 Wash.2d 99, 102, 227 P.2d 1016 (1951) (emphasis omitted). Indeed, a trial court has a duty to decide the parties' interests in all property brought to its attention. In re Marriage of Little, 96 Wash.2d 183, 194, 634 P.2d 498 (1981).
¶ 21 Mr. Kowalewski contends the language used by the trial court, awarding "all right, title and interest, including rights to sell, rent or make any decision over, and full monetary value of" the real property, obviously purports to directly affect title. CP at 12. Yet the trial court expressly clarified it "did not purport to directly affect title to property in Poland by dividing the parties rights and interests in said property." CP at 23. Even without the clarification, however, we would uphold the decree as a valid in personam decree.
¶ 22 A dissolution decree impermissibly "directly affects title" when it purports to operate as a muniment of title. See, e.g., Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909) (commissioner's deed executed in compliance with divorce decree awarding interest in out-of-state land held void as a muniment of title); Phelps v. Williams, 192 A.2d 805 (D.C.1963) (finding invalid a foreign decree purporting to automatically transfer property upon husband's failure to convey within 10 days); Chadwick v. Miller, 126 Ind.App. 325, 133 N.E.2d 67 (1956) (recording of foreign decree inoperative to convey *964 title); Clouse v. Clouse, 185 Tenn. 666, 207 S.W.2d 576 (1948) (Michigan trial court exceeded its jurisdiction by directing that a divorce decree operate as a muniment of title to Tennessee real property).
¶ 23 In contrast, a decree that declares the parties' personal rights or equities in the property is a valid in personam decree regardless of whether the parties are ordered to do anything with respect to the property. Sheldon R. Shapiro, Annotation, Res Judicata or Collateral Estoppel Effect, in State Where Real Property Is Located, of Foreign Decree Dealing with Such Property, 32 A.L.R.3d 1330, § 4[b] (1970); Shapiro, supra, 34 A.L.R.3d 962, at § 4[d]; see, e.g., In re Marriage of Ben-Yehoshua, 91 Cal. App.3d 259, 270, 154 Cal.Rptr. 80 (1979) (interpreting decree as "a mere declaration of entitlement to the property which has no direct effect on the title to the property in Israel"); Allis v. Allis, 378 F.2d 721, 723 (5th Cir.1967) (giving effect to a Nevada decree declaring Texas real estate "`the sole and separate property'" of plaintiff spouse "`without any right, title, interest or claim therein'" in the defendant spouse); Hicks v. Corbett, 130 Cal.App.2d 87, 278 P.2d 77, 78 (1955) (giving res judicata effect to Washington court's finding that plaintiffs have "`no claim, right, title or interest'" in California real estate).
¶ 24 Because marital dissolution is an equitable proceeding, property distribution provisions in a dissolution decree are properly interpreted as referring to beneficial ownership, not legal ownership. Brett R. Turner, Division of Third-Party Property in Divorce Cases, 18 J. Am. Acad. Matrimonial Law. 375, 388 (2003). To the extent the language of the decree may be viewed as a declaration of legal ownership of foreign real property, it is surplusage that has no effect on the court's jurisdiction to adjudicate the parties' beneficial ownership of the property. See Arneson, 38 Wash.2d at 102, 227 P.2d 1016 ("Wherever we have felt the result of the decree was reasonably incident to the division of the property, as between the parties, we have looked through the form of the words used, treating as surplusage language not literally enforcible as to third parties, and have sustained the trial court.").
¶ 25 The dissolution decree in this case does not purport to operate as a muniment of title. Significantly, it contains no legal description of those properties. In contrast, the provisions dividing the parties' interests in Washington real properties include their legal descriptions. This suggests the trial court was aware the decree would not, in and of itself, transfer legal title to the Polish property. The dissolution decree has no direct effect on the legal ownership of the Polish real properties. Rather, the decree merely determines the parties' beneficial interest in the Polish properties.
¶ 26 Finally, Mr. Kowalewski asserts that principles of comity weigh in favor of deferring to Poland's sovereignty over issues of title and value of real property in Poland. This contention lacks merit. The dissolution decree in no way intrudes upon Poland's sovereign authority over land disputes. It remains for the Polish courts to decide what effect, if any, the Washington decree has on the legal ownership of real property in Poland.[1] Just as this court is not bound by a Polish decree affecting title to real property in Washington, the Polish courts are not bound by a Washington court's decree, although it may elect to do so as a matter of comity. See MacKenzie v. Barthol, 142 Wash.App. 235, 173 P.3d 980 (2007) (giving *965 effect, as a matter of comity, to a Canadian divorce decree awarding former spouse interests in real property located in Washington).
¶ 27 Mr. Kowalewski's real complaint appears to be with the substance of the trial court's decision, not its jurisdiction. The pleadings show he brought the Polish real property to the court's attention, proposed a distribution, gave testimony on the value of the properties, and submitted new evidence in a motion for reconsideration. Thus, he asked the court to divide the parties' interests in the property and challenged its jurisdiction to do so only because he did not like the result.
¶ 28 When parties are dissatisfied with the substance of a dissolution decree, "[o]rdinarily, a review to reach an abuse of discretion is the proper remedy, rather than a challenge to the court's jurisdiction." Arneson, 38 Wash.2d at 102, 227 P.2d 1016. A party may not raise a jurisdictional challenge in order to circumvent the relevant standard of review or time limit for review. See Svatonsky v. Svatonsky, 63 Wash.2d 902, 905, 389 P.2d 663 (1964) (former spouse estopped from challenging validity of divorce decree years later due to dissatisfaction with property distribution); Ferry v. Ferry, 9 Wash. 239, 37 P. 431 (1894); Ghebreghiorghis v. Dep't of Labor & Indus., 92 Wash.App. 567, 962 P.2d 829 (1998).

CONCLUSION
¶ 29 A trial court's personal jurisdiction over the parties and subject matter jurisdiction over the marital dissolution encompass the power to divide the parties' personal interests in real property located outside the state. We hold the trial court did not exceed its jurisdiction by dividing the apartment and farmland located in Poland and, thus, did not abuse its discretion when it denied Mr. Kowalewski's motion to vacate the dissolution decree. We affirm the Court of Appeals.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, Justices SUSAN OWENS, CHARLES W. JOHNSON, MARY E. FAIRHURST, JAMES M. JOHNSON, RICHARD B. SANDERS, DEBRA L. STEPHENS and TOM CHAMBERS.
NOTES
[1] The full faith and credit clause of the United States Constitution, U.S. Const. art. IV, § 1, which requires a state to recognize the judicial proceedings of every other state, does not apply to foreign counties. In certain areas of family law, uniform laws facilitate the enforcement of foreign decrees. See, e.g., Uniform Child Custody Jurisdiction Act (UCCJA), codified at ch. 26.27 RCW (custody decrees); Uniform Interstate Family Support Act (UIFSA), codified at ch. 26.21 RCW (support orders). Washington and Poland have agreed to enforce each other's child-custody and family-support orders, but no such treaty applies to the recognition of an order dividing the parties' out-of-state real property. See RCW 26.27.051 (foreign countries treated as a state for purposes of UCCJA); RCW 26.21A.010(21)(b) (reciprocating foreign country defined as a "state" under UIFSA); Notice of Declaration of Foreign Countries as Reciprocating Countries for the Enforcement of Family Support (Maintenance) Obligations, 72 Fed.Reg. 39,127 (July 17, 2007). However, Poland may recognize a foreign decree as a matter of comity.