

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | NO. 70945-3-I |
| | ) | |
| NIGORA KHAKIMOVA, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| SHUKHRAT KHAKIMOV, | ) | |
| | ) | FILED: June 9, 2014 |
| Appellant. | ) | |

LEACH, J. — In this dissolution action, Shukhrat Khakimov, acting pro se, appeals the trial court's pretrial ruling excluding his untimely disclosed witnesses and exhibits. He also challenges trial court orders distributing the parties' property, denying a new trial and a change in judge, and awarding attorney fees to Nigora Khakimova. Because the limited record provided by Shukhrat fails to establish error as to any issue on appeal, we affirm.

## FACTS

Nigora and Shukhrat were married in 1987 in Uzbekistan.[1] Nigora filed for dissolution in 2011. The trial court issued a scheduling order requiring the parties to disclose witnesses and exhibits by April 9, 2012. The order stated,

---

[1] Because this case involves parties with similar last names, we refer to the parties by their first names for clarity.

NONCOMPLIANCE WITH THE TERMS OF THE ABOVE ORDER may result in the exclusion of evidence or be considered an abandonment of claims or the failure to prosecute or defend diligently. Noncompliance may result in the entry of a judgment against the non-complying/defaulting party, with respect to either a specific issue or the entire case. The court may impose such additional sanctions, including the award of terms and/or attorney fees, as it deems appropriate.

Shukhrat, proceeding pro se, failed to timely file a list of witnesses and exhibits. On April 20, 2012, Nigora filed a motion in limine to exclude any witnesses and exhibits not timely disclosed. On April 23, 2012, Shukhrat filed a witness list, and the parties filed a joint statement of evidence. On May 3, 2012, the first day of trial, the trial court granted Nigora's motion and excluded all of Shukhrat's proposed witnesses and exhibits.

On June 5, 2012, the trial court entered a decree of dissolution and written findings of fact and conclusions of law. The trial court awarded Nigora the community's condominium in Uzbekistan and 2004 Chevy Impala and awarded Shukhrat the community's house in Uzbekistan and 1999 Ford Taurus. The trial court awarded each party the financial accounts and personal property in that party's name or possession and granted Nigora a judgment of $2,281 against Shukhrat for his share of the community's debt. The court awarded Nigora $4,000 in attorney fees

due to the husband's intransigent conduct such as his failure to cooperate with the wife's attorney, failure to correctly and fully respond to the interrogatories, failure to appear for his deposition, failure to participate in the alternative dispute resolution, failure to abide by the case schedule deadlines with regards to disclosure of witnesses and the exchange of exhibits.

Shukhrat filed a CR 59 motion for a new trial in which he argued (1) the Uzbekistan house and condominium were his separate property, not community property; (2) the trial court lacked jurisdiction over the Uzbekistan real property; and (3) the distribution of community assets and debts was inequitable. He also made various claims of fraud against Nigora and her attorney. The trial court denied the motion.

Shukhrat appeals the exclusion of his untimely witnesses and exhibits, the decree of dissolution, several of the findings of fact and conclusions of law, the order denying his motion for a new trial, and an order denying his posttrial motion for a change in judge.

## DISCUSSION

The trial court has broad discretion to divide property in a dissolution action, and the trial court's decision will not be disturbed on appeal absent an abuse of that discretion.[2] This court also reviews a trial court's rulings on motions in limine, the denial of a CR 59 motion for a new trial, and an award of attorney fees for abuse of discretion.[3] We review a trial court's findings of fact for substantial evidence.[4]

A trial court's decision "is presumed to be correct and should be sustained absent an affirmative showing of error."[5] The party presenting an issue for review has

---

[2] In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005).

[3] Gammon v. Clark Equip. Co., 38 Wn. App. 274, 286, 686 P.2d 1102 (1984) (motions in limine), aff'd, 104 Wn.2d 613, 707 P.2d 685 (1985); Aluminum Co. of Am. v. Aetna Cas. & Sur. Co., 140 Wn.2d 517, 537, 998 P.2d 856 (2000) (CR 59 motions); In re Marriage of Mattson, 95 Wn. App. 592, 604, 976 P.2d 157 (1999) (attorney fees).

[4] In re Marriage of Schweitzer, 132 Wn.2d 318, 329, 937 P.2d 1062 (1997).

[5] State v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999).

the burden of providing a record adequate to establish the errors claimed.[6] An "insufficient record on appeal precludes review of the alleged errors."[7] If an incomplete record fails to affirmatively establish an abuse of discretion, we may affirm the challenged decision.[8]

Moreover, an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[9] Arguments that are not supported by any reference to the record or by citation of authority need not be considered.[10] Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal.[11]

Motion in Limine

Shukhrat claims the trial court erred in granting Nigora's motion to exclude his proposed witnesses and exhibits. King County Local Civil Rule (KCLCR) 4(j) requires that parties disclose witnesses and exchange copies of exhibits by the date provided in the case schedule. "Any witness or exhibit not listed may not be used at trial, unless the Court orders otherwise for good cause and subject to such conditions as justice requires."[12] In addition, KCLCR 26(k)(4) provides that any witness not timely disclosed may not be called to testify at trial.

---

[6] Wade, 138 Wn.2d at 464; see also RAP 9.2, 9.9, 9.10.
[7] Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994).
[8] State v. Sisouvanh, 175 Wn.2d 607, 619-20, 290 P.3d 942 (2012).
[9] RAP 10.3(a)(6).
[10] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).
[11] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).
[12] KCLCR 4(j).

However, a trial court's discretion to exclude witnesses is not absolute. Though argued by neither party here, exclusion of witnesses as a sanction for untimely disclosure is permissible only when (1) there is willful or deliberate violation of the discovery rules and orders, (2) the violation substantially prejudiced the other party's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would have sufficed.[13] These findings must be made on the record, either orally or in writing.[14] A trial court abuses its discretion when it excludes witnesses without these findings.[15]

The record is clear that Shukhrat failed to timely provide a list of witnesses and copies of exhibits to Nigora by April 9, 2012, the date provided in the scheduling order. Shukhrat appears to argue that good cause justified his late disclosure, claiming that he was ill prior to trial and that he did not realize he would need witness testimony. To the extent Shukhrat claims that the trial court abused its discretion in considering this to be a willful or deliberate violation, the record is insufficient to permit review. The trial court's ruling was made orally on the first day of trial. Shukhrat did not file a verbatim report of any of the proceedings as part of this appeal. Without demonstrating what factors the trial court relied upon in making its decision, Shukhrat does not meet his burden to show the trial court abused its discretion.[16]

---

[13] Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).
[14] Teter v. Deck, 174 Wn.2d 207, 217, 274 P.3d 336 (2012).
[15] Burnet, 131 Wn.2d at 494.
[16] In reply, Shukhrat argues that the trial court should have exercised other remedies for his late disclosure, including ruling on the evidence on a case-by-case

Division of Property

Shukhrat reiterates his argument made below that the trial court erred in finding the Uzbekistan property to be community property, claiming that both the house and condominium are instead owned by his parents. But in order to properly challenge findings of fact on appeal, Shukhrat must demonstrate "why specific findings of the trial court are not supported by the evidence and [must] cite to the record to support that argument."[17] Because Shukhrat has not provided a verbatim report of any of the proceedings or designated any of the exhibits considered by the court at trial, he does not meet this burden to demonstrate error.

Citing Brown v. Brown,[18] Shukhrat argues that the trial court lacked jurisdiction to adjudicate the parties' interests in the Uzbekistan property. But in In re Marriage of Kowalewski,[19] the Washington Supreme Court held that a trial court's personal jurisdiction over the spouses and subject matter jurisdiction over the marital dissolution action encompasses the power to distribute spouses' personal interests in all property, including foreign real estate.[20] Consistent with Kowalewski, the trial court properly adjudicated the parties' interests in the Uzbekistan real property in the context of their dissolution.

---

basis. We do not consider an issue raised and argued for the first time in a reply brief. Cowiche Canyon, 118 Wn.2d at 809.

[17] In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998).

[18] 46 Wn.2d 370, 372, 281 P.2d 850 (1955).

[19] 163 Wn.2d 542, 544, 553, 182 P.3d 959 (2008).

[20] Kowalewski, 163 Wn.2d at 549-50.

Shukhrat claims that the trial court's division of the cars was inequitable because the Chevy Impala awarded to Nigora was more valuable than the Ford Taurus awarded to him. Again, the record is inadequate to review this claim because it contains no evidence of the cars' value or the basis for the trial court's decision. Shukhrat also argues that Nigora lied about her income and stole valuable china, silver, and antiques belonging to him. But the persuasiveness, credibility, and weight of the evidence are matters for the trier of fact and are not subject to review by this court.[21]

## Posttrial Motions

Shukhrat failed to establish any of the grounds under CR 59(a) justifying a new trial. The trial court did not abuse its discretion in denying his motion. Shukhrat also assigns error to an order denying his posttrial motion for a change in judge. Because the record contains neither Shukhrat's motion nor a transcript of the trial court's hearing on the motion, we decline to review it.

## Trial Court Award of Attorney Fees

Shukhrat contends that the trial court erred in awarding attorney fees to Nigora without considering his ability to pay. But findings as to a party's ability to pay are not required for an award of fees based on intransigence.[22] Shukhrat also claims that Nigora inflated the amount of time her attorney spent on the case, but there is no evidence to support such a claim. On the basis of the record before us, Shukhrat does not demonstrate the trial court abused its discretion in the award or the amount of fees.

---

[21] State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).
[22] Mattson, 95 Wn. App. at 604.

Attorney Fees on Appeal

Citing RAP 18.9(a), Nigora requests attorney fees on appeal, arguing that Shukhrat's appeal is frivolous. We agree and award Nigora attorney fees on appeal, subject to her compliance with RAP 18.1(d).[23]

Affirmed.

_Leach, J._

WE CONCUR:

_Spearman, C.J._                     _Becker, J._

---

[23] Shukhrat has filed three motions connected with his appeal. Shukhrat's first two motions allege various abuses against him, including that (1) the trial court judge was biased against him and violated rules of judicial conduct; (2) Nigora misrepresented her income, assets, and ownership of the Uzbekistan property; and (3) Nigora's attorney threatened and intimidated him. As the proper place for Shukhrat to raise these claims was in his opening brief, we deny his motions. Shukhrat's third motion was to strike Nigora's opening brief, in which he claimed that Nigora served him with a different version than that filed with this court. He also made various other allegations of fraud and discrimination. A commissioner of this court denied Shukhrat's motion, and we deny his motion to modify the commissioner's ruling. We include Nigora's attorney fees associated with responding to these motions as part of our award of appellate fees.