

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WA-HOLDINGS-01, LLC, a Washington limited liability company, | ) ) ) | No. 35951-4-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SNAKE RIVER STILLS, LLC, a Washington limited liability company dba Walla Walla Weedery, | ) ) ) ) | |
| Appellant. | ) | |

KORSMO, J. — Snake River Stills, LLC, appeals from orders directing that it pay damages and attorney fees to respondent WA-Holdings arising from a lease of commercial space. We reverse in part and remand for further proceedings. We decline to award attorney fees on appeal.

## FACTS

This appeal involves a lease for a cannabis retail establishment in downtown Walla Walla. The two sides have had an ongoing business relationship that extends beyond this particular lease and have engaged in litigation against each other in both Walla Walla County and in Pierce County.

Snake River began leasing the Walla Walla space for $25,000 per month commencing in August 2015. The lease provides for WA-Holdings to recover attorney fees in the event of a default. WA-Holdings sued Snake River and other defendants in Pierce County Superior Court in October 2016. In December 2016, WA-Holdings filed an unlawful detainer action against Snake River in the Walla Walla Superior Court, alleging that Snake River had failed to pay rent since August 1, 2015.

On May 22, 2017, the parties entered into a settlement agreement designed to resolve both lawsuits. The agreement required Snake River to make a payment, vacate the Walla Walla site by August 1, 2017, and provide for attorney fees for the prevailing party in an action to resolve disputes under the Settlement.[1] On May 30, the parties entered a stipulation and order in the Walla Walla cause. The stipulation provided that if Snake River failed to vacate the premises before August 1, 2017, WA-Holdings would be entitled to an immediate writ of restitution.

Two months after the settlement agreement, Snake River moved to stay the writ of restitution. It also moved the court to either declare the Settlement unenforceable or

---

[1] The amount of the payment is unclear, because the words indicate Snake River was to pay "one million four hundred thousand dollars," while the figures indicate the payment was to be "$1,700,000."

declare that WA-Holdings was required to dismiss all remaining defendants in the Pierce

County lawsuit.[2]

The Walla Walla Superior Court granted the writ of restitution on August 1, 2017,

and ordered Snake River evicted from the premises. This court denied a petition for

discretionary review as untimely. On August 11, the superior court stayed the writ of

restitution and other proceedings in the case pending appeal to this court. Among the

conditions of the stay were requirements that Snake River post a $100,000 bond, continue

to pay $25,000 per month in rent, and post an additional $25,000 per month as security.

The rental payment was made to the clerk of court on the 18th of each month. The clerk

was to forward payment to WA-Holdings upon receipt. Clerk's Papers (CP) at 622-623.

Snake River continued to hold over in the building until October 6, 2017, when it

moved to another location and notified the court that it had vacated.[3] Although Snake

River made its August and September payments to the court, it did not make a payment

in October. In February, 2018, WA-Holdings moved the Walla Walla Superior Court for

damages for (1) unpaid rent, (2) unlawful detainer damages, (3) $62,163 in attorney fees,

and (4) costs. The superior court awarded WA-Holdings double rent for August 1 to

---

[2] This motion later was rejected by the Walla Walla Superior Court and this court dismissed an effort to appeal from that ruling. Snake River then filed a similar motion in the Pierce County Superior Court in February 2018.

[3] Delays in obtaining necessary permits allegedly made it difficult for Snake River to move in a timely fashion.

October 6, 2017, as well as attorney fees in the sum of $55,000 and costs. The court trimmed some of the fee request as duplicative, but did not enter detailed findings.

After its motion for reconsideration was denied, Snake River appealed to this court. A panel heard the case without oral argument.

ANALYSIS

This appeal presents questions concerning the trial court's authority to enter the writ of restitution, its damage award for unpaid rent, whether attorney fees were properly assessed in the trial court, and if they should be ordered in this court. We briefly consider the authority issue before turning to the rent damages. We then combine the two attorney fee issues.

*Writ of Restitution*

Snake River first contends that the Walla Walla Superior Court lacked authority to entertain the damages request because of its pending motion in Pierce County to determine whether WA-Holdings had complied with its obligations under the settlement agreement. The trial court properly determined that the stipulation and subsequent stay were the governing documents.

The short answer to this argument is that the settlement agreement preceded the stipulation of the parties in the Walla Walla case. The stipulation, which was prepared on Snake River's counsel's pleading paper, does not reference the settlement agreement and does not incorporate it. The Settlement does not prohibit the parties from entering future

4

stipulations or orders.  Indeed, it appears that the stipulation was entered in order to effectuate provision 13 of the Settlement.  CP at 765.

The trial court correctly declined to ignore its previous order.  There was no basis for believing that the Settlement controlled the pending writ of restitution.  The trial court had authority to act on the order before it.

This contention is without merit.

*Rent Damages*

Snake River next contends that the trial court erred in calculating the damage award for the failure to pay rent.  We agree.  The rent paid to WA-Holdings through the court was not "rent due."

At issue is the statute providing for judgment in cases of unlawful detainer, RCW 59.12.170.  The pertinent sentence provides:

> The jury, or the court, if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and, if the alleged unlawful detainer be after default in the payment of rent, <u>find the amount of any rent due</u>, and <u>the judgment shall be rendered</u> against the defendant guilty of the forcible entry, forcible detainer, or unlawful detainer <u>for twice the amount</u> of damages thus assessed and <u>of the rent, if any, found due</u>.

(Emphasis added.)  Our courts long have interpreted this statute to allow for the doubling of unpaid rent.  *E.g.*, *Sprincin King St. Partners v. Sound Conditioning Club, Inc.*, 84 Wn.

5

App. 56, 63-65, 925 P.2d 217 (1996) (citing cases); *Queen v. McClung*, 12 Wn. App. 245, 247-248, 529 P.2d 482 (1974).[4]

The problem here is a simple one. There was no "rent due" for August and September 2017. Pursuant to the terms of the stay of the stipulated order for restitution, rent would be paid to the court by the 18th of each month and then forwarded to WA-Holdings. CP at 623. The rent was paid for both August and September in accordance with the order. There was no basis for finding any unpaid rent for those months. WA-Holdings argues that the rent should be doubled to discourage tenants from failing to vacate. The statute, however, provides for the doubling of unpaid rent, not the doubling of all rent that resulted from the tenant holding over. The statute permits a landlord to recover double for other damages that might have been incurred, but it only doubles rent that was not paid. We do not rewrite statutes.

The trial court, therefore, erred in doubling rent damages for the months of August and September. The court correctly calculated and doubled the unpaid rent for the six days of October. We reverse the judgment and direct that the court strike the $50,000 in doubled rent for the months of August and September.

---

[4] *Sprincin* disagrees with *Queen* on whether the doubling applies to unpaid rent arising before the tenancy became unlawful. *See* 84 Wn. App. at 64-65. This case does not present that controversy and we need not comment on it.

*Attorney Fees*

Snake River also challenges the $55,000 in attorney fees awarded to WA-Holdings by the trial court, arguing that the amount was unreasonable because it included duplicative expenses unrelated to the stipulated order. We conclude that the trial court did not abuse its discretion. Both parties also seek attorney fees on appeals. We conclude that there is no substantially prevailing party and decline to award attorney fees on appeal to either side.

Our case law recognizes the settled nature of appellate review of attorney fee rulings. "In Washington, a party may recover attorney fees only when a statute, contract, or recognized ground of equity permits recovery." *Bloor v. Fritz*, 143 Wn. App. 718, 746-747, 180 P.3d 805 (2008). "Whether a party is entitled to an award of attorney fees is a question of law that we review de novo." *Id*. at 747. "Whether the fee award is reasonable is a matter of discretion for the trial court, which we will alter only if we find an abuse of discretion." *Id*. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Attorney fees are available on appeal where granted by applicable law. RAP 18.1. Fees may be awarded to the prevailing party in a lease or contract dispute even if the agreement only awards fees to one side. RCW 4.84.330. This court retains discretion

whether to grant attorney fees on appeal. *MacKenzie v. Barthol*, 142 Wn. App. 235, 242, 173 P.3d 980 (2007).

Here, the settlement agreement provided for attorney fees to the prevailing party in an action arising from the agreement. CP at 764. Similarly, the property lease purported to award reasonable attorney fees to the landlord due to an action to enforce the lease. CP at 759. By operation of RCW 4.84.330, that provision is made mutual. WA-Holdings sought attorney fees in the trial court in the sum of $62,163 and costs of nearly $3,200. CP at 745, 870. The trial court awarded a total of $55,000 in attorney fees and $697.51 in costs. CP at 870.

Snake River takes issue with the substantive outcome of the attorney fee ruling, arguing that the downward revision from the requested sum still included work on the unrelated issue of the enforcement of the settlement agreement. This is a curious argument given that Snake River was the one to put the enforcement of the Settlement before the Walla Walla Superior Court and did so in the context of challenging the attempted eviction. CP at 221-225, 241-267. Having put the issue before the court, Snake River can hardly complain that the trial judge awarded some fees to WA-Holdings for having to contest the matter.

Whether this was an appropriate cost was a discretionary call for the trial judge who had a much better understanding of the interplay of the Settlement and the stipulation than the members of this court could have. The trial court also gave the fee

8

request a critical review, trimming more than 10 percent off the requested figure by removing duplicative or unnecessary billing.

In light of the intertwining of the issues being fought in both Walla Walla and Pierce counties, as well as the trial court's care in assessing which fee requests were reasonably related to the litigation at hand, there was a tenable basis for the attorney fee award. There was no abuse of discretion.

We decline to award attorney fees on appeal because there is no substantially prevailing party. Snake River has reduced the judgment against it by $50,000, but has failed in its attempt to overturn the entire ruling. WA-Holdings has prevailed on the merits, but seen its judgment halved. Given these circumstances, we deem neither side the prevailing party. Both parties will bear their own costs on appeal. RAP 14.1(c).

Affirmed in part, reversed in part.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:


_____          _____
Fearing, J.                                      Lawrence-Berrey, C.J.

9